BOYCE F. MARTIN, Jr., Circuit Judge.
Third National Bank appeals from the District Court’s denial of the bank’s .motion to reconsider an order dismissing the bank’s appeal in bankruptcy. The District Court determined that no filing fee was received with the notice of appeal in Bankruptcy Court and that no designation of record had been filed in accordance with Rule 806 of the Bankruptcy Rules and local rule 4; accordingly, the court dismissed the bank’s appeal. We reverse.
In December, 1973, appellee Winner Corporation filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq., and a plan for arrangement of debts with its creditors. At the time of filing, Winner occupied a plant in Dickson County, Tennessee, pursuant to a lease agreement dated September 1, 1968. The plant had been built from sale proceeds of industrial revenue bonds issued by appellee Industrial Development Board of the County of Dickson, Tennessee. The bank is trustee for holders of those bonds and the assignee of the lease in question.
The original lease provided a 24-year term from September 1, 1968 to September 30, 1992; the lease was subsequently amended twice. Monthly rental depended upon retirement of the industrial revenue bonds. Between September 1, 1973 and December 2,1976, Winner had fallen behind in rent payment to the extent of $388,-470.93. On December 2, 1976, Winner petitioned the Bankruptcy Court to modify the plan of arrangement to permit rejection of the lease and abandonment of the property. On April 4, 1977, the Bankruptcy Judge conditionally confirmed the lease rejection but held in abeyance a determination of the amount of damages sustained by the bank.
A hearing was held on August 16, 1977. The bank presented evidence of the rent arrearage as of the date the petition was filed, the amount which had accrued between the filing and the hearing, and the total amount due for the balance of the lease. Relying on Section 353 of the Bankruptcy Act, the Bankruptcy Judge determined that the bank could be entitled to maximum damages of three times the rent reserved for the three years following the surrender of the premises, or approximately $477,000. 11 U.S.C. § 753. The court found that the maximum damage claim for rejection of the lease would be $865,470.93-$477,000 plus $388,470.93.
The Bankruptcy Judge concluded that the bank had no provable claim until rejection of the lease; therefore, none of the bank’s claims constituted administrative expenses or were entitled to any type of priority. The court found the measure of damages to be the difference between the rent provided by the lease plus accrued rent and present rental value of the lease, subject to a three year maximum. Winner presented testimony showing the present rental value and present market value of the plant to be in excess of the amount required to pay off the bonds. The court held that the bank sustained no damages under § 353 of the Act and awarded no damages for rent due during the proceedings. The judgment of the Bankruptcy Court was entered March 28, 1978.
On April 4, 1978, counsel for the bank forwarded a notice of appeal to the Bankruptcy Judge pursuant to Rule 802 of the Rules of Bankruptcy Procedure. The notice was received on April 6, 1978, but the $10 filing fee was not included. A check for that amount was mailed on April 6; it was not received until April 10. On April 11, *660 the Bankruptcy Judge prepared and dated a notice of appeal which was received by counsel for the bank on April 18. Two days later, appellant mailed a Designation of the Record and Statement of Issues on Appeal; these documents were not received by the office of the Bankruptcy Judge until April 24, 1978. Meanwhile, on April 21, the Bankruptcy Judge had transmitted the notice of appeal along with his memorandum opinion and judgment to the District Court Clerk; he noted that although the notice of appeal had been filed on April 6, it was not docketed until April 10.
The Bankruptcy Court did not transmit the designation of record to the District Court. Thereafter, on May 1, 1978, the District Judge entered a memorandum opinion and order dismissing the bank’s appeal. A motion to reconsider was then filed and likewise denied; from the latter order the bank perfected this appeal.
A notice of appeal must be filed within ten days of the date of an order. 11 U.S.C. § 67(c) and Rules 801(a) and 802(a) of the Rules of Bankruptcy Procedure. See Matter of Bad Bubba Racing Products, Inc., 609 F.2d 815, 816 (5th Cir. 1980). Within ten days of the filing of the notice of appeal, the bank was required to “file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues [the bank] intends to present on the appeal ....” Rule 806, Rules of Bankruptcy Procedure.
The District Judge’s May 1, 1978 memorandum reads as follows:
The Bankruptcy Judge filed a memorandum and order on March 25, 1978. A notice of appeal was lodged with the Bankruptcy Court on April 6, 1978, but not docketed until April 10, 1978 because the filing fee was not received until that date. No designation of the record has been filed. Pursuant to the provisions of Rule 806 of the Bankruptcy Rules and Rule 4 of the Local Rules of the United States District Court, the appeal is dismissed.
The District Judge thus determined that failure to submit the $10 filing fee, coupled with the absence of a designation of record mandated dismissal of the appeal. We do not agree.
At oral argument, counsel for appellees conceded that payment of the $10 fee was not determinative in establishing compliance with the ten-day notice requirement. Failure to pay the filing fee before the expiration of the ten-day period does not defeat the court’s jurisdiction to consider the appeal. Thorndal v. Smith, Wild, Beebe and Cades, 339 F.2d 676 (8th Cir. 1965). The notice was filed on April 6, within ten days of the Bankruptcy Court’s judgment entered on March 28,1978. Thus, notice of appeal was timely filed.
Next, the bank contends that notice of the filing of an appeal was not received until April 18, although the Bankruptcy Judge mailed it on April 11. We cannot fault the Bankruptcy Court for this delay, since the bank’s notice of appeal was not “filed” until the $10 fee was received on April 10. By any reckoning, the bank was late in filing its designation of record. The sufficiency of notice by mail for purposes of Bankruptcy Act filing requirements is the subject of some judicial conflict. The Fifth and Ninth Circuits have recently held that a notice of appeal is not “filed” on the date of mailing. See Matter of Bad Bubba Racing Products, Inc., supra, and Matter of Ramsey, 612 F.2d 1220 (9th Cir. 1980). The Fourth Circuit has reached a contrary result: See Matter of Pigge, 539 F.2d 369 (4th Cir. 1976).
Here, the designation of record was mailed oh April 20; it was received and filed by the referee on April 24. When the Bankruptcy Judge informed the District Court Clerk on April 21 that no designation had been filed, he was correct at the time. However, the District Judge continued to assume that no filing had occurred when he wrote his memorandum on May 1.
Technically, the bank had until April 16 to file the designation of record. Under these unusual circumstances, the bank would have been better served to file the designation by way of courier. We are not, however, prepared to hold that the late filing justified dismissal of the appeal. In *661 Drybrough v. Ware, 111 F.2d 548 (6th Cir. 1940), this Court discussed its power to dismiss in the context of an insufficient record designated on appeal. The following passage from that decision applies equally to a situation in which the designation was untimely:
This power [to dismiss], however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, ... the court, in order to avoid injustice, may, on a proper suggestion or on its motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions.
Drybrough, supra at 550.
We can find no evidence of bad faith on the bank’s part which would justify dismissal of its appeal. See Island Creek Coal Co. v. Local Union No. 1827, 568 F.2d 7 (6th Cir. 1977), citing Drybrough, supra.
The judgment of the District Court is reversed, and the case is remanded for reinstatement of the bank’s appeal. We do not reach the merits of the Bankruptcy Court judgment.