In re BROWN FAMILY FARMS,
INC., Debtor.

Philip R. JOELSON, Trustee,
Plaintiff–Appellee,

v.

John W. BROWN and Frances P.
Brown, Defendants–Appellants.

No. 88–3349.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1988.
Decided April 6, 1989.

Philip R. Joelson, Toledo, Ohio, Trustee.

John J. Hunter (argued), Hunter & Schank, Toledo, Ohio, Raymond L. Beebe, Van Wert, Ohio, for plaintiff-appellee.

Joseph S. Heyman, Michael W. Bragg (argued), Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, for defendants-appellants.

Before KRUPANSKY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Defendants John W. Brown and Frances P. Brown (the Browns) appeal from a district court decision dismissing their bankruptcy appeal. The bankruptcy court had allowed the trustee for debtor Brown Family Farms, Inc. (BFF) to avoid a transfer of real property from BFF to the Browns, holding that the trustee was in the position of a bona fide purchaser under 11 U.S.C. § 544 and that in any event the transfer to the Browns amounted to a preference under 11 U.S.C. § 547. The district court dismissed the appeal, stating that even if the Browns had prevailed on all four issues raised before the court, they still would lose because of the separate bankruptcy court determination that the transfer of real property was an avoidable preference under 11 U.S.C. § 547(b). Thus, the district court reasoned, its determination of the issues presented would only be advisory and therefore under article III of the Constitution it had no jurisdiction. As a result, the district court dismissed the appeal without reviewing it on the merits. Because we believe that, applying Bankruptcy Rule 8010, the Browns did not effectively contest on appeal the bankruptcy court's preference determination, we agree with the district court's result and therefore AFFIRM.

## I.

In April 1985, appellant John W. Brown negotiated with his son Clair Brown, a representative of BFF, to buy sixty acres of BFF's farmland. The parties concluded informal negotiations on April 3, 1985 and agreed to a purchase price of $100,000 for the land. On that date, John W. Brown forwarded a check for $80,000 to BFF with the understanding that the balance of $20,000 would be paid when the deed was delivered.

On June 18, 1985, a general warranty deed for the sixty acres was executed in favor of John W. and Frances P. Brown. This deed was then given to Clair Brown's daughter, who worked at a law firm that did title work. On July 8, 1985, this deed was presented at the Lucas County Auditor's office for transfer of record on the Lucas County Auditor's records. At this time, a $100 conveyance fee was paid evidencing the $100,000 sale price. This deed, however, was not recorded with the Lucas County Recorder's office, and it remains unrecorded. After being assured that the deed was duly recorded, John W. Brown paid the balance of $20,000 on July 22, 1985, said sum becoming an asset of BFF prior to its filing for bankruptcy.

On July 24, 1985, BFF filed for bankruptcy under Chapter 11. BFF, as debtor-in-possession, brought an adversary action against the Browns in an attempt to recover the sixty acres. On April 16, 1986, the Chapter 11 was converted into a proceeding under Chapter 7, and Philip R. Joelson was appointed trustee for the debtor. After a trial, the bankruptcy court ordered the Browns to surrender the sixty acres to the trustee subject to certain priority liens in favor of the Browns. *In re Brown Family Farms, Inc.*, 80 B.R. 404 (Bankr.N.D.Ohio 1987). Specifically, the bankruptcy court held that the transfer of the real property was avoidable by the trustee on two separate grounds. First, the transfer was avoidable under 11 U.S.C. § 544(a)(3), which gave the trustee the status of a bona fide purchaser of real property. Second, the transfer was avoidable under 11 U.S.C. § 547 as a preference.

The Browns appealed this decision to the district court and stated in their Notice of Appeal that they were appealing "from the Order of the Bankruptcy Court granting possession of a certain parcel of real property owned by the Defendants to the Trustee." In a connected pleading entitled "Designation of Contents for Inclusion in Record on Appeal, and Statement of Issues on Appeal," the Browns listed the four issues for the district court to consider as follows:

(1) Whether Defendants in this case had open and notorious possession of the property in question when the uncontradicted testimony at trial indicated that neighbors in the area were aware of the transfer; (2) Whether the payment of a conveyance fee and a deed transfer on the Auditor's records constitute constructive notice of a transfer of real property when the deed was not subsequently recorded; (3) Whether a bona fide purchaser can exist in circumstances where a deed has been transferred as of record at the Auditor's office, but not at the Recorder's office; and (4) Whether a trustee can avoid an unrecorded transfer of real property when applicable law would not have permitted a second transfer to be perfected.

Significantly, the Browns in their district court brief only addressed these issues in light of the section 544(a)(3) bona fide purchaser determination and made no reference to the section 547 preference determination. The trustee in his brief replied only to the contentions made by the Browns.

After reviewing the four issues, the district court summarily dismissed the appeal on the ground that the Browns failed to appeal all issues upon which the bankruptcy court had made its decision. In that court's view, none of the four issues if decided in the Browns' favor would alter the section 547 preference determination. Thus, the court dismissed the appeal, holding it would be rendering an advisory opinion if it decided otherwise.

The Browns requested that the district court reconsider its decision and the re-

quest was denied. The Browns then brought this appeal.

## II.

The Browns make two arguments on appeal. First, they contend that their arguments based on sections 544 and 547 are "so intertwined" in this case that it would be "inequitable" to deny the appeal merely because their brief did not deal with section 547. This argument is no more than a request that we apply "fireside equity" to cure their omission, which we refuse to do.

Second, they argue that Issues 1 and 2 of the district court brief,[1] if decided in the Browns' favor, could be determinative as to whether the transfer constituted a section 547 preference. As a preliminary matter, we agree with the Browns that Issues 1 and 2—both of which concern the perfection of an interest in this property—have some relevance to a section 547 preference analysis. In particular, if the Browns could have demonstrated open and notorious possession or shown that the payment of the conveyance fee perfected their interest in the property, they then might have been able to show that the transfer constituted a substantially contemporaneous exchange under section 547(c)(1), an enumerated exception to otherwise avoidable preferences under section 547(b). The bankruptcy court itself considered the substantially contemporaneous exchange exception in its opinion. In the course of its analysis, the bankruptcy court specifically recognized the effect that a finding of open and notorious possession might have on the preference determination. Nevertheless, the bankruptcy court found that there was no open and notorious possession in this case. It also found that filing the deed in the Auditor's office should not be accepted as a substitute for recording the deed in the Recorder's office. The court, therefore, rejected the Browns' substantially contemporaneous exchange argument. 80 B.R. at 411–13. Accordingly, to the extent

that the district court intimates that open and notorious possession or payment of the conveyance fee have no relevance to a preference analysis, we disagree with its opinion.

The problem with the Browns' position, however, is that in their district court brief they do not make any attempt to relate the issues of open and notorious possession and payment of the conveyance fee to the bankruptcy court preference determination. Nothing in the district court brief would indicate that the Browns were questioning the preference determination. In fact, the words "preference" or "section 547" are not even mentioned. Yet the bankruptcy court made it very clear in its opinion that the preference determination was an independent ground on which the trustee could avoid the transfer of land from BFF to the Browns. Consequently, it was imperative for the Browns to challenge the separate preference determination on appeal. Thus, as we see it, the real issue before us is whether the Browns have waived the bankruptcy court's preference determination by their lack of argument on that determination in their district court brief.

Under Bankruptcy Rule 8001, the district court in considering this appeal had the discretion to dismiss the appeal for failure to make proper arguments in the district court brief. Rule 8001(a) provides in part that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal*." (Emphasis added.) Moreover, Bankruptcy Rule 8010 specifically addresses the form and length of bankruptcy appellate briefs. The rule provides that the argument of the brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with

1. Issues 1 and 2 raised on appeal to the district court read as follows: (1) Whether Defendants in this case had open and notorious possession of the property in question when the uncontradicted testimony at trial indicated that neighbors in the area were aware of the transfer; (2) Whether the payment of a conveyance fee and a deed transfer on the Auditor's records constitute constructive notice of a transfer of real property when the deed was not subsequently recorded.

citations to the authorities, statutes and parts of the record relied on." [2] While not citing these bankruptcy rules, the district court clearly indicated that the preference determination had not been contested. It chose instead to rely on the jurisdictional limitations of article III of the Constitution —in particular, the limitation on the judiciary's power to render advisory opinions. It would have been appropriate for the court to avoid the constitutional issue when another ground for the decision was available, but, in any case, the real thrust of the district court's opinion is that the Browns' brief did not adequately contest the preference determination. Clearly, under Bankruptcy Rules 8001 and 8010, the district court could, within its discretion, deem the preference determination waived if it believed that the issues as presented *and* argued in the district court brief did not effectively contest the preference determination. The question then is whether the district court by treating the preference determination as waived abused its discretion. We do not believe it did. After reviewing the district court brief, we agree that the Browns have not effectively contested the preference determination, as required under Bankruptcy Rule 8010. The Browns did not present any argument whatsoever relating Issues 1 and 2 to the preference determination. Instead, they argued these issues solely in terms of the section 544(a)(3) bona fide purchaser determination. In our view, by ignoring the preference determination in their discussion of Issues 1 and 2, the Browns have not adequately argued their "contentions ... with respect to the issues presented" and included "the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." The district court was not required to consider the Browns' inadequately briefed contentions.

Accordingly, we hold that the district court did not abuse its discretion, under Bankruptcy Rules 8001 and 8010, in dismissing the Browns' appeal for failure to challenge the bankruptcy court's preference holding under section 547. *See Mort-gageAmerica Corp. v. Bache Halsey Stuart Shields, Inc.* 789 F.2d 1146, 1148–50 (5th Cir.1986). We affirm.

---

**2.** This rule is modelled after Federal Rule of Appellate Procedure 28.