878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONN AIRE, INC., Plaintiff-Appellee,
v.
J.C. LEASING, Defendant-Appellant.
 No. 88-5771.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1989.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant J.C. Leasing appeals from a district court order summarily dismissing its bankruptcy appeal for failure to file a timely record designation and statement of issues. We conclude, on the unusual facts presented here, that the dismissal constituted an abuse of discretion.
 
 
 2
 * This case arises out of the bankruptcy of plaintiff Conn Aire, Inc. In February of 1987, Conn Aire instituted an adversary proceeding against defendant J.C. Leasing. A bench trial was held, and on May 5, 1987 the bankruptcy court entered judgment for the plaintiff on one of the claims asserted in the adversary proceeding. Consideration of the other claims was deferred.
 
 
 3
 On May 15, 1987, apparently uncertain whether the bankruptcy court's order was a final judgment, the defendant filed both a notice of appeal and a motion for permission to file an interlocutory appeal. The bankruptcy court entered a second order on May 20, 1987, reaffirming its May 5 finding in favor of the plaintiff and ordering the defendant to turn over the proceeds of a letter of credit and a certificate of deposit. On June 1, the defendant filed both a notice of appeal and a motion for permission to file an interlocutory appeal with respect to the May 20 order. On June 8, 1987, the defendant filed a record designation and statement of issues. The document did not specify whether it pertained to the notice of appeal filed May 15 or the notice of appeal filed June 1.
 
 
 4
 On July 20, 1987, at Conn Aire's request, the bankruptcy court filed a new order explicitly granting partial final judgment for Conn Aire. The defendant filed a timely notice of appeal from that final judgment on July 27, 1987. No designation statement was ever filed under Bankruptcy Rule 8006 with respect to the appeal perfected on July 27. On August 11, 1987, the defendant filed a document purporting to "withdraw [its] Motion for An Interlocutory Appeal," apparently intending to withdraw both of the pending motions for permission to appeal.
 
 
 5
 The case languished in this posture for several months. According to a memorandum to the district judge dated March 23, 1988, prepared by the bankruptcy court's estate administrator, the defendant's lawyer's secretary called the clerk's office on March 22, 1988, "to determine the status of this appeal;" the secretary was told that because no Rule 8006 designation had ever been filed with respect to the July 27 appeal, "there was not a record to transmit to District Court." The secretary was to be told (although this evidently had not yet been done at the time the memorandum was prepared) "that we will transmit the Notice of Appeal as soon as possible with or without the designation." On March 29, the bankruptcy court transmitted to the district court a record that did not include the Rule 8006 designation statement filed by the defendant on June 8, 1987.
 
 
 6
 On June 10, 1988, the district court, acting sua sponte, dismissed the defendant's appeal from the bankruptcy court's partial final judgment of July 20 and summarily affirmed the judgment of the bankruptcy court, citing the defendant's "repeated failure to comply with the pertinent rule." In re Conn Aire, Inc. (Conn Aire, Inc. v. J.C. Leasing), 87 Bankr. 54 (M.D.Tenn.1988). The defendant filed a motion for relief from judgment on August 30, 1988, but the motion was denied as untimely. 91 Bankr. 462. This appeal followed.
 
 II
 
 7
 Bankruptcy Rule 8006 provides, in pertinent part:
 
 
 8
 "Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."
 
 
 9
 Under Bankruptcy Rule 8001(a), failure to file and serve the required record designation and statement of issues "does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." We review actions taken by district courts under Rule 8001 for abuse of discretion. See In re Brown Family Farms, Inc. (Joelson v. Brown), 872 F.2d 139 (6th Cir.1989).
 
 
 10
 There is no indication in the present case that the district court considered the circumstances of the defendant's failure to file a record designation and statement of issues with respect to the appeal perfected on July 27, 1987, nor is there any indication that the defendant was afforded an opportunity to correct or explain the error. Instead, the district court invoked Local Rule 17 of the United States District Court for the Middle District of Tennessee, which provides, in pertinent part:
 
 
 11
 "Failure by an appellant to comply with the provisions of ... Rule 8006 ... of the Bankruptcy Rules, Title 11 of the United States Code Annotated, will result in summary affirmance of the opinion of the bankruptcy judge."
 
 
 12
 We have previously disapproved dismissal of an appeal from bankruptcy court to federal district court for failure to comply with technical aspects of Bankruptcy Rule 806, the predecessor of Bankruptcy Rule 8006. In re Winner Corp. (Third National Bank v. Winner Corp.), 632 F.2d 658 (6th Cir.1980). There the district court had dismissed an appeal from bankruptcy court to district court because the record designation statement required by Rule 806 was filed eight days late. We ordered the appeal reinstated at the district court level because we could "find no evidence of bad faith on the [appellant's] part which would justify dismissal of its appeal." Id. at 661. The Winner court relied on an earlier Sixth Circuit case, Drybrough v. Ware (In re Bavarian Brewing Co.), 111 F.2d 548 (6th Cir.1940), in which this court noted that although courts have the power to dismiss an appeal for insufficient designation of the items to be included in the record, that power
 
 
 13
 "should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, ... the court, in order to avoid injustice, may, on a proper suggestion or on its own motion, direct that the omission be corrected by a supplemental transcript...."
 
 
 14
 Id. at 550. Cf. Island Creek Coal Co. v. Local Union No. 1827, 568 F.2d 7 (6th Cir.1977) (per curiam), where we refused to dismiss an appeal for failure to serve a statement of issues presented because "Appellees were neither misled nor prejudiced" and because there was "no evidence that Appellant's omission ... was made in bad faith." Id. at 8.
 
 
 15
 The other circuits are generally in accord with this approach. The Court of Appeals for the Ninth Circuit, for example, has disapproved such dismissals in keeping with the general policy against overly severe "sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation." In re Hill (Myers v. Shekter), 775 F.2d 1385, 1387 (9th Cir.1985) (per curiam); see also In re Donovan (National Bank of Long Beach v. Donovan), 871 F.2d 807, 808 (9th Cir.1989) (per curiam). The Third Circuit, citing Winner, has applied a "bad faith" standard. In re Comer (Moxley v. Comer), 716 F.2d 168, 177 (3d Cir.1983). The Fifth Circuit has approved such dismissals in cases where the noncompliance is caused by "gross lack of diligence or dilatory maneuvering." Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes, Inc.), 531 F.2d 743, 745 (5th Cir.1976) (per curiam). See also In re France, 63 Bankr. 775, 776 (D.N.H.1986) (dismissal inappropriate in absence of bad faith or prejudice to defendant); In re Columbian Coffee Co. (Metsch v. C. Itoh & Co.), 71 Bankr. 258, 259 (Bankr.S.D.Fla.1987) (applying "excusable neglect" standard).
 
 
 16
 Most of the lower court cases cited in the plaintiff's brief involve circumstances very different from those presented here--circumstances such as failure to file a notice of appeal, e.g., as well as failure to file a record designation, In re Rutherford (Williams v. Rutherford), 73 Bankr. 665, 671 (Bankr.W.D.Mo.1986); In re Ghosh, 47 Bankr. 374, 375 (E.D.N.Y.1984); In re Soter, 31 Bankr. 986, 989-90 (D.Vt.1983), or dismissal on appellee's motion without opposition from appellant, In re Wilson, 53 Bankr. 123, 125 (D.Mont.1985); In re Bock Laundry Machine Co. (Meyers v. Bock Laundry Machine Co.), 63 Bankr. 221, 222 (N.D.Ohio 1986). In two of the cases cited by the plaintiff, the court expressly stated that it would not have dismissed the appeal for failure to comply with Rule 8006 alone. In re Webster (General Motors Acceptance Corp. v. Webster), 47 Bankr. 1012, 1013 (M.D.N.C.1985); In re Weisz, 44 Bankr. 285, 287 (E.D.N.Y.1984).
 
 
 17
 In the case at bar, the district court did not determine whether there was "evidence of bad faith" on the part of the appellant, cf. Winner, 632 F.2d at 661, and the court did not make any finding of "negligence or indifference," cf. Drybrough, 111 F.2d at 550. We cannot tell, from the record before us, whether the defendant's failure to file a Rule 8006 statement pertaining to the appeal of the July 20 judgment was a good faith error, a negligent oversight, or a dilatory tactic intended for the purpose of delay. It is by no means inconceivable that the defendant might have believed, erroneously but in good faith, that the Rule 8006 statement filed on June 8 would suffice for a second appeal taken from the same bankruptcy court's disposition of the same dispute. We therefore conclude that this case should be remanded to the district court, where the defendant should be given an opportunity to demonstrate its good faith. If it succeeds in doing so, the district court should consider the merits of the appeal; if not, Local Rule 17 may properly be applied and the appeal dismissed.
 
 
 18
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation