879 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra Kae HOVER, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, et al., Defendants-Appellees.
 No. 88-1843.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1989.
 
 Before WELLFORD and MILBURN, Circuit Judges, and ANN ALDRICH, United States District Judge.
 PER CURIAM:
 
 
 1
 Sandra Kae Hover brought this Title VII action against the United States Postal Service claiming to have been denied a promotion because of discrimination. Most of the issues raised in this lawsuit were resolved when the Postal Service offered Hover a choice of positions at the Battle Creek, rather than the Kalamazoo, Michigan, Postal Station. At a district court hearing, Hover conceded that the Postal Service had effectively complied, and she was convinced to accept one of the positions offered her in Battle Creek.
 
 
 2
 Only two issues remain on this appeal. At the aforementioned hearing, Hover raised an issue not previously raised before the post office administrative agencies: she requested that she receive "out-of-schedule" pay. The district court concluded that the "out-of-schedule" pay issue must first be raised in an administrative proceeding, and, further, that appellant was not entitled in any event to out-of-schedule pay. Second, the district court awarded Hover attorneys' fees relating to the time spent pursuing her action in the district court, but only from the date on which the action began in district court up until the Postal Service's February 5, 1985 offer of transfer. The district court denied attorneys' fees for time spent in the administrative agency on Hover's behalf because Hover represented herself in the administrative agencies. The district court held, then, that attorneys' fees are not available for pro se representation. The district court deemed the February 5 offer by the Postal Service to have fully restored all benefits Hover sought.
 
 
 3
 There is ample authority for the ruling on "out-of-schedule" pay. See In re Brown Family Farms, 872 F.2d 139 (6th Cir.1989); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1988). Hover failed to exhaust contract grievance procedure in respect to this claim. Republic Steel Corp. v. Maddox, 379 U.S. 650 (1955); Smith v. United States Postal Service, 742 F.2d 257 (6th Cir.1984); Monroe v. International Union UAW, 723 F.2d 22 (6th Cir.1983); E.E.O.C. v. McCall Printing Co., 633 F.2d 1232 (6th Cir.1980).
 
 
 4
 The extent of the award of attorneys' fees was within the reasonable discretion of the district court. We find no showing of any abuse of discretion in this case. Hover is not entitled to attorney fees as a non-attorney, acting pro se, in the course of administrative proceedings. Wolfel v. United States, 711 F.2d 66, 69 (6th Cir.1983); Barrett v. Bureau of Customs, 651 F.2d 1087 (5th Cir.), cert. denied, 455 U.S. 950 (1980).
 
 
 5
 After fully reviewing the record we find no error in the action of the district judge. We accordingly are in agreement that the case should be AFFIRMED.
 
 
 6
 ---------------
 
 
 
 * The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.