**In re R.C. WYNN, Debtor.**

**R.C. WYNN**

v.

**HALLIBURTON COMPANY, et al., Appellees.**

**R.C. WYNN**

v.

**HALLIBURTON COMPANY, et al.**

Civ. A. Nos. 3–89–2891–H, 3–89–2890–H.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 17, 1990.

R.C. Wynn, Dallas, Tex., pro se.

Steven Hollis, Vial Hamilton Koch & Knox, Dallas, Tex., for Navarro.

Walter Clay Cooke & Adam I. Hauser, Brown Maroney & Oaks Hartline, Austin, Tex., for FDIC.

John A. Gilliam, Howard W. Walker, Jenkens & Gilchrist, Dallas, Tex., for defendants.

MEMORANDUM OPINION
AND ORDER

SANDERS, Chief Judge.

Before the Court are three motions by Appellant Wynn: for an extension of time in which to file his appellate brief, to consolidate appeals, and to transfer the cases. Appellees oppose the motion for an extension of time and move for dismissal of the appeals.

The motion to transfer the cases is MOOT since Judge Buchmeyer voluntarily transferred the cases to this Court.

The motion to consolidate appeals is unopposed and is GRANTED. Henceforth, CA3–89–2891–H and CA3–89–2890–H will be CONSOLIDATED under the lower case number.

Wynn's motion for an extension of time in which to file his appellate brief is DE-

NIED. The grounds advanced for an extension are similar, if not identical to, the grounds rejected by the Fifth Circuit in *Wynn v. Eriksson,* 889 F.2d 644 (5th Cir. 1989).

Remaining is Appellees' Motion to Dismiss. Appellant Wynn's Designation of Record for both proceedings designates each and every docket entry in the Debtor's entire case—over 1,000 entries—and every transcript from all proceedings in the Debtor's case—an untold number of pages. Such a designation is so broad as to be burdensome, unreasonable, and useless to either the Court or the Appellee.

Appellant has not complied with Bankruptcy Rule 8003 or the Local Rules in compiling the record. The Bankruptcy Court Clerk has certified that the record as transmitted is deficient since Appellant Wynn has failed to arrange for or provide copies of the items he wishes to designate. *See* Letter from Michael E. Youdin, Bankruptcy Court Clerk (by Lisa C. Elizondo, Appeals Clerk) to Nancy H. Doherty, District Court Clerk, dated and filed November 9, 1989 in CA3–89–2890–H.[1]

Thus, Appellant's unreasonably broad designation amounts to no designation at all. Given Mr. Wynn's familiarity with the rules for bankruptcy court appeals,[2] his failure to designate a useable record evidences indifference and bad faith. Such a faulty designation is grounds for dismissal of the entire appeal. *See Drybrough v. Ware,* 111 F.2d 548, 550 (6th Cir.1940); *Third National Bank v. Winner Corp.,* 632 F.2d 658, 660 (6th Cir.1980). Therefore, the appeal is DISMISSED for failure to comply with Bankruptcy Rule 8003.

Accordingly, Appellee's Motion to Dismiss is GRANTED and this case is DISMISSED with prejudice.

SO ORDERED.

---

1. The Court is uncertain whether a similar letter was sent in regard to CA3–89–2891. In both cases, Wynn used precisely the same language to designate the entire bankruptcy court record.

2. The Court notes that Mr. Wynn has filed numerous appeals in the proceedings regarding his estate.