PER CURIAM.
Debtor-Appellant J. Edward Kloian appeals from the district court’s dismissal of his appeal from the bankruptcy court. The district court, pursuant to Federal Rule of Bankruptcy Procedure 8001, had granted Defendant Lawrence J. Acker, P.C.’s motion to dismiss the appeal, on grounds that Debtor had failed to designate items for appeal in a timely fashion or to provide transcripts of the bankruptcy court proceedings, as required by Federal Rule of Bankruptcy Procedure 8006. On appeal, Debtor argues that the district court abused its discretion in dismissing his appeal because (1) Debtor’s failures in this regard were inadvertent and were subsequently cured; (2) Debtor exhibited no bad faith regarding these failures; and (3) no prejudice results because the unordered transcripts were not essential to the appeal.
The district court did not abuse its discretion in dismissing Debtor’s appeal. See In re Brown Family Farms, Inc. (Joelson v. Brown), 872 F.2d 139, 142 (6th Cir. 1989). Debtor was required to file the designation of the items within ten days after filing his case with the district court, as well as provide transcripts of the bankruptcy court proceedings. Fed. R. Bank. P. 8006. Failure to follow Rule 8006 permits a district court to take such action as it “deems appropriate, which may include dismissal of the [bankruptcy] appeal.” Fed. R. Bank. P. 8001(a). This Court has upheld a district court’s dismissal of a bankruptcy appeal pursuant to Rule 8001 where the litigant bringing the appeal exercised bad faith in prosecuting it. In re Winner Corp. (Third Nat’l Bank v. Winner Corp.), 632 F.2d 658, 661 (6th Cir. 1980); see also Conn Aire, Inc. v. J.C. Leasing, 878 F.2d 1436 (Table), 1989 WL 76155 (6th Cir. July 13,1989) (per curiam).
The record reveals numerous failures by Debtor and his counsel, including Debtor’s failure to designate items for appeal in a timely fashion, and his failure to supply the district court with the bankruptcy court transcripts, even after he received reminders from the Eastern District of Michigan Clerk of Court. Moreover, the record supports the district court’s finding that Debtor’s failures were committed in *366 bad faith, given that Debtor failed to oppose Special Counsel’s motion for dismissal. See Conn Aire Inc., 1989 WL 76155, at *3. Debtor’s belated attempts to cure these deficiencies after the district court dismissed the appeal do not change this analysis. Therefore, the judgment of the district court is AFFIRMED.