File Name: 05a0489n.06
Filed: June 10, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Nos. 03-2620 and 04-1017**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: J. EDWARD KLOIAN, | ) | |
| | ) | |
| Debtor, | ) | |
| ------------------------------------ | ) | |
| | ) | |
| J. EDWARD KLOIAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| BASIL T. SIMON; | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RONALD L. ROSE, Guardian ad litem of | ) | |
| debtor J. Edward Kloian, | ) | |
| | ) | |
| Movant-Appellee. | ) | |

Before: BOGGS, Chief Judge; COOK, Circuit Judge; BEER, District Judge.[*]

---

[*]The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Nos. 04-1017 and 03-2620
*In re: J. Edward Kloian*

COOK, Circuit Judge. Chapter 7 bankruptcy debtor, J. Edward Kloian, appeals the district court's dismissal of his appeal from the bankruptcy court's order appointing a guardian ad litem. Kloian also appeals the district court's order denying his motion for reconsideration and reinstatement of appeal. Financial Associates of America, Ltd. ("FAA") appeals the district court's order denying its motion to reconsider the court's dismissal of its appeal from the bankruptcy court's denial of FAA's motion to remand its eviction action to state court. We affirm the district court's dismissal of Kloian's appeal and denial of Kloian's motion to reconsider, and we affirm the district court's denial of FAA's motion to reconsider the dismissal of FAA's appeal.

## I. Kloian's Appeal

The bankruptcy court below appointed Ronald L. Rose to serve as Kloian's guardian ad litem ("GAL") in Kloian's bankruptcy proceedings. Kloian appealed to the United States District Court for the Eastern District of Michigan, seeking to reverse the GAL's appointment. Kloian failed to file a statement of the issues on appeal until more than a month after he filed his notice of appeal. After Kloian filed his statement of issues, the Chapter 7 trustee moved to dismiss Kloian's appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8006, which mandates filing a statement of the issues within ten days of filing the notice of appeal. The district court granted the trustee's motion and denied Kloian's motion for reconsideration.

### A. Kloian's Challenge to Trustee's Standing

Kloian argues that the district court erroneously acted on the trustee's motion to dismiss Kloian's appeal because the trustee lacked standing.  Issues of standing pose questions of law that we review de novo. *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 499 (6th Cir. 1990).

According to Kloian, the Chapter 7 trustee lacked standing in the absence of a pecuniary interest in the outcome of Kloian's appeal.  As we held in *Revco*, however, a United States trustee has standing to appeal in a Chapter 7 case—even if he lacks a pecuniary interest in the outcome—because the trustee represents a public interest in the outcome of bankruptcy proceedings. *Id.* at 499–500.  Kloian contends that *Revco* applies only to United States trustees, not to Chapter 7 trustees, but he cites no authority for that proposition.  What authority exists supports treating the two as equivalent in this context.  For one, United States trustees appoint and supervise Chapter 7 trustees.  28 U.S.C. § 586(a).  And one circuit court specifically has held that Chapter 7 trustees have standing to prosecute appeals.  *Richman v. First Woman's Bank* (*In re Richman*), 104 F.3d 654, 657 (4th Cir. 1997).

Here, the trustee did not even *bring* an appeal; rather he sought dismissal of debtor's appeal due to rule-noncompliance.  Trustees act on behalf of the bankruptcy estates and appropriately concern themselves with orderly estate administration, including delays precipitated by out-of-rule filings. We conclude that the public interest that supports a trustee's standing to prosecute an appeal also supports a trustee's standing to respond to a debtor's appeal.

B.  Dismissal of Kloian's Appeal

Having resolved the preliminary debate regarding the Chapter 7 trustee's standing to move for dismissal of Kloian's appeal, we now turn to the question of whether the granting of that motion—dismissing Kloian's appeal of the GAL-appointment order for failure to comply with nonjurisidictional bankruptcy rules—amounted to an abuse of discretion. *Joelson v. Brown* (*In re Brown Family Farms, Inc.*), 872 F.2d 139, 141–42 (6th Cir. 1989).  We review the district court's denial of Kloian's 60(b) motion for relief from that dismissal under the same deferential standard. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995).

The district court's authority to dismiss Kloian's appeal here comes partly from Federal Rule of Bankruptcy Procedure 8006, which provides:  "Within 10 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee . . . a statement of the issues to be presented."  And Rule 8001(a) authorizes dismissal as a sanction: "appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."  A district court may in particular exercise its discretion to dismiss an appeal for a violation of Rule 8006 where there is a showing of bad faith, negligence, or indifference. *See Third Nat'l Bank v. Winner Corp.* (*In re Winner Corp.*), 632 F.2d 658, 661 (6th Cir. 1980).

- 4 -

Kloian filed his notice of appeal on August 25, 2003, but failed to file his statement of issues until September 29, 2003.  The district court found this failure resulted from negligence or indifference:  "Debtor's most recent violation is a result of Debtor's persistent neglect of or indifference toward the procedural rules involved in a bankruptcy proceeding."  That assessment hinged on Kloian's bankruptcy-court reputation as gleaned from the bankruptcy court's Opinion on the Appointment of a Guardian Ad Litem for Debtor detailing that Kloian persistently neglected to produce records and to adequately prepare for and participate in hearings.  This court made a similar assessment when it affirmed the dismissal of one of Kloian's earlier appeals for failure to comply with Rule 8006.  *Kloian v. Lawrence J. Acker, P.C. (In re Kloian)*, 72 Fed. Appx. 364 (6th Cir. 2003).

Kloian argues that his failure to timely file a statement of issues was not the result of bad faith, negligence, or indifference, but rather the result of his having to simultaneously file numerous pleadings in related litigation.  We agree with the district court's response to this argument: "Appellant cannot file what the bankruptcy court describes as 'countless, often meritless objections' and then claim that his extensive handling of his litigation efforts excuses his procedural errors on appeal."

Kloian further contends that the district court abused its discretion because the trustee waited until eleven days after Kloian filed his statement of issues to move to dismiss Kloian's appeal, and thus, the trustee suffered no prejudice from Kloian's late filing.  But the district court need not find prejudice to dismiss an appeal; a finding that the appellant's actions showed bad faith, negligence

or indifference will support the exercise of the district court's discretion. *In re Winner Corp.*, 632 F.2d at 661.

In light of Kloian's repeated failures to follow bankruptcy rules, the district court did not abuse its discretion when it dismissed Kloian's appeal. And thus, the district court did not abuse its discretion when it refused to vacate that dismissal.

## II. Dismissal of FAA's Appeal

In a separate proceeding in Michigan state court, FAA—a corporation controlled by Kloian as its majority shareholder and sole director and officer—sued to evict Peter and Catherine Kelley from its property. The Kelleys removed the case to the bankruptcy court, which docketed it as an adversary proceeding in Kloian's Chapter 7 bankruptcy. The bankruptcy court denied FAA's motion to remand the case to state court. FAA then filed a notice of appeal of that remand-denying order. The district court dismissed *this* appeal because Kloian, who is not a lawyer, signed the notice on behalf of FAA. The district court later denied FAA's motion to set aside the dismissal.

No party to this appeal disputes that the notice of appeal signed by Kloian was defective. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney.") The debate concerns whether that defect was cured—so as to render the refusal to reinstate the appeal an abuse of discretion—when FAA later retained an attorney to prosecute its appeal and moved the district court to set aside its dismissal.

FAA pointed the district court to our opinion that holds courts should not dismiss a corporation's appeal when the corporate-officer-filed notice of appeal is rehabilitated by the corporation promptly retaining counsel to prosecute the appeal. *AAA Venetian Blind Sales, Inc. v. Beaulieu of Am., Inc.*, Nos. 96-1108, 96-1844, 1997 U.S. App. LEXIS 22461, at *5 (6th Cir. Aug. 19, 1997). The district court nevertheless refused to set aside its dismissal, finding a different impediment argued against reinstating the appeal: a GAL having been appointed to handle Kloian's bankruptcy affairs, Kloian lacked authority to retain an attorney for FAA. And absent retention of counsel to "cure" the defectively filed notice of appeal, *AAA Venetian Blind* lacked any applicability to Kloian's case.

We note that the order appointing the guardian ad litem authorized the GAL to represent Kloian with respect to any of Kloian's claims that represented assets of the bankruptcy estate. Kloian argues that the claim at issue here belonged to FAA, rather than to him, and is therefore not subject to the GAL order. But the bankruptcy court ordered that all rent due to FAA be paid to the Chapter 7 trustee, thus treating FAA's assets as property of the bankruptcy estate. The court also stayed all state court proceedings concerning FAA. Both of these orders went unchallenged by Kloian (some of the very few that did) and thus FAA could not pursue an eviction action outside the bankruptcy proceedings and Kloian could not act in the bankruptcy proceedings except through his GAL.

Because Kloian lacked the authority to hire an attorney for FAA, his retaining an attorney did not cure the defect in the notice of appeal, and the district court properly dismissed FAA's

appeal. Thus, the district court did not abuse its discretion when it denied FAA's motion to set aside the dismissal of the appeal.

### III. Conclusion

We affirm both the district court's orders dismissing Kloian's appeal and denying his motion for reconsideration, and the district court's order denying FAA's motion to reconsider the order dismissing FAA's appeal.