**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0294n.06
Filed: May 1, 2006

**Nos. 04-2112/2136**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: J. EDWARD KLOIAN, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| ---------------------------------------------------- | ) | |
| - | ) | |
| | ) | |
| J. EDWARD KLOIAN, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellant, | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| BASIL T. SIMON, Trustee; RONALD L. | ) | |
| ROSE, Guardian Ad Litem | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: Norris, Suhrheinrich, Rogers, Circuit Judges.

**Rogers, Circuit Judge.** This consolidated appeal challenges the district court's orders dismissing four appeals from the bankruptcy court at the behest of the debtor's guardians ad litem, and denying the debtor a second competency hearing. The debtor is J. Edward Kloian. The district court dismissed Kloian's appeals from the bankruptcy court because his guardians ad litem requested voluntary dismissal. We affirm the district court's orders of dismissal because the district court properly deferred to Kloian's duly-appointed guardians at litem. We also affirm the district court's order denying Kloian a second competency hearing because Kloian supplied the district court with

no evidence tending to indicate that he should now be considered competent.

## I.

On March 26, 2003, the United States Bankruptcy Court for the Eastern District of Michigan, acting sua sponte, appointed Ronald Rose to be guardian ad litem (GAL) for Kloian. The bankruptcy court did so after holding a hearing. The hearing included a direct examination of Kloian's psychiatrist, Dr. Bucknam. Bucknam's testimony on direct examination was the only evidence received. At the hearing, Bucknam refused to be cross-examined, claiming in effect that Kloian had not waived psychotherapist-patient privilege. The bankruptcy court ruled from the bench that Kloian had waived any such privilege. The bankruptcy court adjourned the hearing to permit Bucknam to consult his attorney on the waiver issue and rescheduled the hearing. Kloian's psychiatrist did not attend the rescheduled hearing and the bankruptcy court entered an order appointing a GAL for Kloian without ever hearing from his psychiatrist on cross-examination.

The bankruptcy court explained its decision to appoint a GAL for Kloian in a 31-page opinion. The bankruptcy court noted that Federal Rule of Civil Procedure 17(c) and Federal Rule of Bankruptcy Procedure 7017 empower bankruptcy judges to appoint guardians ad litem for incompetent persons. The bankruptcy court also recognized that determinations of incompetency must be made in accordance with Michigan law. Applying Michigan law, the bankruptcy court declared Kloian mentally incompetent in the "very limited sense" of bankruptcy-litigation incompetence due to his severe clinical depression:

> After an exhaustive review of the files in Debtor's main bankruptcy case, as well as several adversary proceedings and other evidence properly before the Court, the inescapable conclusion is that the appointment of a guardian ad litem for Debtor is required. The sheer magnitude of the evidence, (virtually all of it in Debtor's own words or the words of his doctors and/or his own counsel), supports that conclusion. Moreover, it also supports a conclusion that the Court's failure to do so would be inimical to Debtor's interests and run contrary to what the Court views as its obligation to do so when called for by the facts. Although the Court's conclusion is that Debtor is "incompetent" in the very limited sense of his inability to protect his interests in the administration of his bankruptcy case in a reasonably efficient and timely manner, the Court also notes that Debtor has, at many times, appeared to be quite capable. However, the Court believes this is because it has accommodated Debtor as much as possible in scheduling matters in a way that would allow Debtor to participate. However, these accommodations have reached the point where they have unfairly prejudiced the other parties in interest, and there is no reason to believe that the situation will improve. Debtor's principal position is that his mental state or condition limits him to being able to address one thing at a time, and that if the case is administered on that basis, there is or will be, no problem.

JA 200. Kloian subsequently filed an appeal in the district court challenging the bankruptcy court's appointment of a GAL and its determination that he is in any sense incompetent. The district court dismissed Kloian's appeal because he failed to comply with court rules. Kloian then appealed to this court, and the appeal was entertained by a different panel from the present one. *See Kloian v. Simon (In re Kloian)*, 137 Fed. Appx. 780 (6th Cir. 2005). Our court upheld the district court's dismissal of Kloian's appeal, and in effect upheld the bankruptcy court's appointment of a GAL. The panel held that the district court acted within its discretion when it dismissed Kloian's appeal challenging the bankruptcy court's appointment of a GAL. *See id.* at 782-83. Dismissal was warranted because Kloian had filed a statement of the issues with the district court about a month late, in violation of Federal Rule of Bankruptcy Procedure 8006. *See id.* The panel also held that Kloian did not have authority to hire an attorney to represent his company Financial Associates of

America, Ltd. and that "Kloian could not act in the bankruptcy proceedings except through his GAL." *Id.* at 784. The panel's opinion never explicitly interpreted Michigan's law governing mental incompetence.

After this unsuccessful appeal, Kloian continued to file motions in the bankruptcy court, despite this court's holding that "Kloian could not act in the bankruptcy proceedings except through his GAL." *Id.* at 784. Kloian proceeded to file in the district court four more appeals from adverse bankruptcy court orders. In two orders of its own, the district court permitted two different GALs of Kloian's to dismiss these four appeals voluntarily. In the course of proceedings related to these voluntary dismissals, the district court entered an order denying Kloian's motion for a second competency hearing.

Kloian premised his motion for a second competency hearing on two arguments: (1) Kloian asserted that the district court had legally erred when it appointed GALs for him at the district court level to handle his appeals; (2) Kloians contended that the appointment of his GALs violated Michigan law and his due process rights, in part because he is not incompetent. The district court rejected Kloian's challenges to the legal process afforded him. It also rejected the idea of holding a new hearing, because Kloian had "submitted no new evidence to persuade the court that his circumstances have changed or that the effects of his mental condition have lessened. Neither has [Kloian's] guardian ad litem, Mr. Rose, informed this court or the bankruptcy court that [Kloian] is now competent to handle his own affairs." JA at 301. This appeal followed.

**II.**

The district court properly deferred to Kloian's GALs when it permitted them to dismiss Kloian's appeals voluntarily. This court unambiguously held in its prior panel opinion that "Kloian [can]not act in the bankruptcy proceedings except through his GAL." *Kloian*, 137 Fed. Appx. at 784. That determination is the law of Kloian's bankruptcy case, and we therefore adhere to it. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (the law-of-the-case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Kloian cannot appeal, except through his GAL, from adverse bankruptcy court orders as a general matter. Kloian cannot appeal his GALs' decision to voluntarily dismiss his appeals in the district court because he has no authority to "act in the bankruptcy proceedings except through his GAL." *See Kloian*, 137 Fed. Appx. at 784.

**III.**

We also affirm the district court's order denying Kloian a second competency hearing under the abuse of discretion standard because Kloian neglected to support his motion with any evidence tending to prove that he is now competent. "The decision as to whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court and will not be disturbed unless there has been an abuse of its authority." *Gardner v. Parson*, 874 F.2d 131, 140 (3d Cir. 1989). By implication, the district court also has discretion to hold a second competency hearing related to the

appointment of a GAL.

The district court did not abuse its discretion when it denied Kloian's motion for a second competency hearing. Kloian's motion in effect challenged the bankruptcy court's initial appointment of his GALs, which had already been upheld by this court. For example, Kloian argued that the district court had legally erred when it appointed the same GALs for him at the district court level that had been appointed by the bankruptcy court. Kloian largely based this argument on the notion that the original appointment of a GAL violated Michigan law and his due process rights. Absent from Kloian's motion was any evidence or argument establishing that he is now competent. The district court noted that Kloian had "submitted no new evidence to persuade the court that his circumstances have changed or that the effects of his mental condition have lessened." JA at 301. Kloian's attorney at oral argument conceded that Kloian attached no new evidence to his motion for a competency hearing indicating that he is now competent. Kloian gave the district court no reason to hold a new hearing and the district court did not abuse its discretion by declining revisit the matter.

In so deciding, we have set no Kafkaesque precedent shielding the authority of GALs from all challenge. Kloian can of course challenge the authority of his GALs if he comes forward with actual evidence that he is now competent. As Wright, Miller, and Kane have observed:

> the authority of a representative under Rule 17(c) does not necessarily survive until the action has been terminated; rather, his power is dependent upon the continued disability of the person being protected. State law controls the question whether the represented party's disability has ended during the action and once it is determined

> that this has occurred, the fiduciary loses authority to maintain the suit on behalf of the former infant or incompetent.

6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1570, at 507 (1990). This principle is most explicit in the context of represented minors. One district court has held that service upon a former minor's GAL was "no service" because the minor had reached the age of majority. *See Mason v. Royal Indem. Co.*, 35 F. Supp. 477, 480-81 (N.D. Ga. 1940). The same general principle can be inferred from state law involving incompetents who allegedly regained their capacity pending legal proceedings. *See, e.g., Kroehl v. Taylor*, 61 A. 257, 257-58 (N.J. Ch. 1905) (ordering a hearing to determine the capacity of a ward previously thought to be insane for whom the court had appointed a next friend). With appropriate additional evidence, Kloian is free to seek another competency hearing.[1]

Kloian's failure to come forward with sufficient evidence of his competence requires us to affirm the order denying him a second competency hearing.

---

[1]The bankruptcy court has ordered a hearing for June 6, 2006, to decide Kloian's pending motion to dismiss his GAL. Kloian can presumably present to the bankruptcy court additional evidence of his competence at that time.

We note that the bankruptcy court has adjourned the hearing concerning Kloian's motion to dismiss his GAL several times. On November 17, 2005, an order was filed adjourning the hearing until January 18, 2006. On January 18, 2006, the bankruptcy court entered an order adjourning the hearing again until March 1, 2006. On February 28, 2006, the bankruptcy court adjourned the hearing yet again until April 11, 2006. On April 8, 2006, the bankruptcy court entered an order adjourning the hearing until June 6, 2006. Kloian's motion has been pending for a long time, and he is entitled to have his request denied or granted in a timely fashion so that he may appeal should the court determine not to dismiss the GAL in the face of new evidence of competence.

**IV.**

For the foregoing reasons, the district court's orders are affirmed.