CLD-343                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2432
_____

In re: PAMELA GOFORTH & STEPHEN GOFORTH

PAMELA GOFORTH & STEPHEN GOFORTH,
                                                    Appellants

v.

UNITED STATES DEPARTMENT OF EDUCATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:12-cv-00092)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 12, 2013 )
_____

OPINION
_____

PER CURIAM

        Appellants Pamela and Stephen Goforth appeal pro se from an order of the United

States District Court for the Western District of Pennsylvania, which dismissed the

Goforths' appeal from the Bankruptcy Court.  The Goforths have filed a motion for the

appointment of counsel to represent them in their appeal to this Court, and the Appellee has filed a motion for summary affirmance of the District Court's order. Because the appeal presents no substantial question, we will summarily affirm the District Court's order, and will deny the Goforths' motion to appoint counsel.

I.

In December 2010, the Goforths commenced an adversary proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania, seeking to discharge approximately $100,000 in educational loan debt. In February 2012, the Bankruptcy Court granted Appellee's motion for summary judgment, finding that the debt was non-dischargeable. While the Goforths were represented by counsel in the adversary proceeding, they filed a pro se appeal of the Bankruptcy Court's order to the District Court.

On April 3, 2012, the District Court informed the Goforths that they were required to file a brief on or before April 18, 2012, in compliance with Rule 8010(a)(1) of the Federal Rules of Bankruptcy Procedure.[1] Subsequently, the Goforths filed two supplemental documents, neither of which complied with the Federal Rules of

---

[1] Rule 8010(a)(1) requires that an appellant's brief contain, "under appropriate headings and in the order here indicated," the following: "(A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited; (B) A statement of the basis of appellate jurisdiction. (C) A statement of the issues presented and the applicable standard of appellate review. (D) A statement of the case . . . . (E) An argument . . . .; and (F) A short conclusion stating the precise relief sought." Fed. R. Bankr. P. 8010(a)(1).

Bankruptcy Procedure.[2] In May 2012, the Appellee filed its motion to dismiss for failure to conform to Rule 8010(a)(1), and on March 19, 2013, the District Court entered an order dismissing the appeal. The Goforths timely appealed to this Court and filed their motion for the appointment of counsel, which noted that Pamela Goforth has a documented cognitive learning disability and needs someone experienced to assist with preparing the appeal.[3] Subsequently, the Appellee filed its motion for summary affirmance.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we review the District Court's decision to dismiss the Goforths' appeal pursuant to Rule 8010 for abuse of discretion. In re Trans World Airlines, Inc., 145 F.3d 124, 132 (3d Cir. 1998). Rule 8010 requires that the brief contain, inter alia, a statement of the issues presented, a statement of the case, and argument. Rule 8010(a)(1) is not "only a technical or aesthetic provision, but also has a substantive function - that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." Id. Under Rule 8010, a District Court has the discretion to deem an argument

---

[2] Specifically, on April 10, 2012, the Goforths filed a document titled "Motion to Add to Prose(s) Brief for Defendant Appealees," which is merely a cover page, a table of contents that does not relate to the document, and a 2001 decision from the United States Bankruptcy Court for the District of Alaska that does not relate to the discharge of educational debt. A second document, filed on May 8, 2012, is a five-page document where the first three pages contain one long paragraph that does not address any of the arguments or issues relevant to this case.

[3] The Goforths did not seek the appointment of counsel in the District Court.

waived if it is not presented in compliance with the Rule.  Id.  Even granting the Goforths a liberal reading of their pro se appeal and subsequent submissions, it is indisputable that their pleadings in the District Court failed entirely to conform to Rule 8010(a)(1), as they do not contain any of the six requirements of Rule 8010(a)(1) and instead consist of largely irrelevant statements and assertions.  Accordingly, the District Court did not abuse its discretion in dismissing the Goforths' appeal.  See In re Brown Family Farms, Inc., 872 F.2d 139, 142 (6th Cir. 1989).

Summary action is appropriate if there is no substantial question presented in the appeal. See 3rd Cir. LAR 27.4.  For the above reasons, as well as those set forth by the District Court in its opinion, we will grant the Appellee's motion for summary affirmance and summarily affirm the District Court's order.  See 3rd Cir. LAR 27.4 and I.O.P. 10.6. The Goforths' motion for appointment of counsel is denied.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).