In re Marvin J. BARSKY, Debtor.

Carol MORGAN, Appellant,

v.

Marvin J. BARSKY, Appellee.

No. CV 88–442–ER.
Bankruptcy No. LAX 84–18926–SB.

United States District Court,
C.D. California.

April 7, 1988.

David A. Tilem, Los Angeles, Cal., for appellant.

Leslie A. Cohen, Levene & Eisenberg, Los Angeles, Cal., for appellee.

## OPINION

RAFEEDIE, District Judge.

The captioned case came on for hearing before this Court, the Honorable Edward Rafeedie, United States District Judge, presiding, on April 4, 1988, on Carol Morgan's appeal from judgment of the United States Bankruptcy Court for the Central District of California. Appellant Carol Morgan was represented by David A. Tilem of the Law Office of David A. Tilem. Appellee Marvin Jerome Barsky was represented by Leslie A. Cohen and Bennett L. Spiegel of Levene & Eisenberg.

The Court having read and considered the papers submitted and the argument of counsel, denies the appeal for the reasons stated in this Opinion.

## FACTUAL BACKGROUND

In 1981, Appellant Carol Morgan's predecessor in interest sold a Baskin Robbins ice cream franchise to Debtor for approximately $81,000. A UCC–1 Financing Statement and Security Agreement were filed to secure subsequent payment of half the purchase price. The debtor defaulted, leaving a balance due of $29,365.73. The debt was only partially secured.

Barsky filed his Chapter 13 case on October 17, 1984. Barsky listed Morgan in his bankruptcy schedules and master mailing list at her correct address. In the Central District of California, the Clerk of the Court is responsible for sending all the parties in interest a notice entitled "Order for Meeting of Creditors, Combined with Notice Thereof and Automatic Stay." This notice set forth the plan confirmation hearing date and provides instructions for filing Proofs of Claim. The Clerk, however,

failed to effectuate service of the notice on anybody except the debtor, his attorney, and the Chapter 13 trustee. Appellant Morgan never received the Order.

At some point between October 17, 1984, and February 11, 1985, Barsky advised Morgan, by phone, of the pendency of the Chapter 13 proceedings. On February 15, 1985, one month prior to the hearing on the confirmation of the Plan, Morgan received a copy of the Chapter 13 Plan. This document, titled "Debtor's Chapter 13 Plan" did not name Morgan and did not specifically provide for her claim.

On March 11, 1985, Barsky's Chapter 13 Plan was scheduled for hearing and a hearing was held. The Plan was confirmed by Court order entered March 15, 1985. Morgan filed no proof of claim and made no objection to the Plan until April 1, 1987.

On April 1, 1987, Morgan filed a complaint to determine dischargeability of debt, and on July 17, 1987, Morgan filed a proof of claim. On October 27, 1987, the Bankruptcy Court heard argument on the parties' cross motions for summary judgment, and entered judgment in favor of Barsky.

## DISCUSSION

### I. STANDARD OF REVIEW

Findings of Fact are reviewable under the clearly erroneous standard, and conclusions of law are reviewed de novo. *In re Wolf & Vine*, 825 F.2d 197, 199 (9th Cir. 1987).

Laches, as an equitable doctrine applied at the discretion of the Court, is reviewed for abuse of discretion. *Hassler v. Assimos*, 53 B.R. 453, 456 (D.C.Del.1985).

In cases resolved by summary judgment, judgment may be given where there is no genuine dispute as to material facts and the nonmoving party is entitled to judgment as a matter of law. Thus, the proper standard for review is de novo. *In re Center Wholesale, Inc.*, 788 F.2d 541, 542 (9th Cir.1986).

### II. ADEQUACY OF NOTICE UNDER THE DUE PROCESS CLAUSE

In *Mullane v. Central Hanover Bank & Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court set forth the notice requirements of due process;

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Id.* at 314, 70 S.Ct. at 657.

Thus, the question under the due process clause is whether, under the circumstances, Morgan received notice sufficient to apprise her of the pendency of the Chapter 13 proceedings and afford her an opportunity to file a claim prior to the bar date.

By February, 1985, Morgan knew of the pendency of the proceedings, and was provided with a copy of the Chapter 13 Plan. This was one month prior to the hearing set for the confirmation of the Plan.

■ Morgan claims that she did not know of the requirement that she file a claim until the middle of 1987. Barsky argues that Morgan must be chargeable with knowledge that a proof of claim in a Chapter 13 proceeding must be filed within 90 days after the first date set for the meeting of creditors, Bankruptcy Rule 3002(c), and that the first meeting of creditors must be set no more than 40 days after the Chapter 13 petition is filed. Rule 2003(a). Thus, in an ordinary Chapter 13 proceeding, the bar date for the filing of the Chapter 13 petition will be no more than 130 days after the filing of the proof of claim. It is well established that constructive or inquiry notice is sufficient to satisfy the due process requirement in cases concerning dischargeability deadlines. *Matter of Gregory*, 705 F.2d 1118 (9th Cir.1983); *In re Rhodes*, 61 B.R. 626, 629–30 (9th Cir.B.A.P.1986). In *Gregory*, a creditor received the "Order for Meeting of Creditors," but did not receive a copy of the Chapter 13 Plan. The court held the notice received was constitutionally ade-

quate because it put the creditor on inquiry or constructive notice that its claim might be affected. *Id.* at 1123. The creditor had actual notice of the bankruptcy proceedings with ample time to file a nondischargeability complaint, therefore, the court held that the creditor was afforded adequate notice even though he was not provided with a copy of the Plan, and therefore was not aware that the Plan did not provide for his claim. *Id.* at 1123. The court rejected the creditor's contention that he was not provided constitutionally adequate notice;

> Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have led. When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it.... If (the creditor) had made any inquiry following receipt of notice, it would have discovered that it needed to protect its interest.

*Id.* at 1123. However, it is essential to note that the creditor in *Gregory* was afforded all the notice required by statute. The Bankruptcy Code does not require that the plan be sent to all creditors. *Gregory,* 705 F.2d at 1123.

There is ample authority that inquiry notice is sufficient notice in dischargeability cases. All that is required is that the creditor have actual notice of the pendency of the case and a reasonable opportunity to file his claim. Morgan, however, argues that such notice is not constitutionally sufficient notice of a bar date for filing a proof of claim. Morgan distinguishes the above cited cases (and *many* other cases supporting the proposition) on the grounds that they all involve bar dates for creditors to file complaints to determine dischargeability, or objections to the confirmation of a Chapter 13 plan, rather than bar dates for creditors to file proofs of claim.

■ The constitutional requirements, as specifically applied to bankruptcy proceedings, require that the creditor be afforded all the notice statutorily required. In *New York v. New York, New Haven & Hartford R.R., Co.,* 344 U.S. 293, 73 S.Ct. 299,

97 L.Ed. 333 (1953), the Court held that a creditor, who has general knowledge of a debtor's reorganization proceeding, has no duty to inquire about further court action. The creditor has a "right to assume" that he will receive all of the notices required by statute before his claim is forever barred. *Id.* at 297, 73 S.Ct. at 301; *Reliable Electric Co., Inc. v. Olson Construction Company,* 726 F.2d 620 (10th Cir.1984); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974); *In re Pagan,* 59 B.R. 394 (D.Puerto Rico 1986).

Barsky argues that the Ninth Circuit's analysis in *Gregory,* and the Supreme Court's reasoning in *Mullane,* requires this court to find that, under the circumstances, the creditor should have been alerted to the fact that she must act to protect her interests, and that she ignored the proceedings at her own risk. This analysis, however, is not consistent with the Court's decision in *New York.* In that case, the Court held that the creditor was entitled to all the notice required under the statute. Unlike *Gregory,* the creditor was not provided with the notice required under the rules. The Bankruptcy Rules require that the Court Clerk provide the creditors with notice of the first meeting of creditors, Federal Rule of Bankruptcy Procedure 3002(c), *and* that the notice advise creditors of the need, method and deadline to file a proof of claim. FRBP 2002. Thus the rules do not assume that a creditor has a general acquaintance with the Bankruptcy rules as Barsky suggests. Rather, the rules explicitly require the creditor be provided with specific notice concerning the requirements and need for filing a claim. There was no finding that appellant ever received the requisite notice, and Appellant contends that she never received the notice. Thus, it appears that Barsky seeks to charge the creditor with knowledge of rules which the Bankruptcy Rules explicitly require be *provided* for the creditor pursuant to the notice of the creditor's meeting. Appellee's argument is directly contrary to the holding in *New York,* and must be rejected.

## III. LACHES

As stated above, laches is an equitable doctrine applied at the discretion of the court, and is reviewed for an abuse of discretion. Laches is applied to protect a party against whom a claim has been asserted, from any prejudice which may result from the unreasonable delay of the party asserting the claim. To establish laches, the party asserting the defense must show (1) an unreasonable lack of diligence, and (2) prejudice resulting from that lack of diligence. *Brown v. Continental Can Co.*, 765 F.2d 810, 814 (9th Cir. 1985).

As noted by the court in *Matter of Pagan*, 59 B.R. 394 (D.Puerto Rico 1986), although due process usually requires that creditors be given formal notice of the time and manner of filing a claim, "it does not follow that creditors can wait indefinitely to file their claims." *Id.* at 396. "Trustees, creditors, debtors and even bankruptcy judges are entitled to some measure of finality in bankruptcy proceedings." *Id.* (citations omitted).

■ Therefore, in determining whether the bankruptcy court abused its discretion in applying the doctrine of laches, the court must determine whether a finding of unreasonable delay is consistent with the requirements of due process under the circumstances, and whether there has been an adequate showing of prejudice.

### A. Unreasonable Delay and Due Process

■ Appellant Morgan filed her claim over two years after she was notified of the pendency of the claim, and she received a copy of the Chapter 13 Plan. Morgan's failure to file a claim prior to the passing of the bar date does not preclude her from making a claim because she was denied adequate notice of that date under rules and the due process clause. However, failure to apprise Morgan of the bar date *only* precludes the court from denying her claim on account of her failure to file a claim prior to the expiration of the bar date. In determining whether Morgan's two year delay was unreasonable, the court must look to the individual circumstances of the case.

■ The phone call from Barsky and Morgan's receipt of the Chapter 13 Plan would have indicated to a reasonable creditor that her interests were at risk on account of both the pendency of the proceedings, and the Plan's failure to specifically account for her claim. As stated by the court in *Gregory;*

> When [a creditor] receives any notice from the bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceedings to which the notice refers at its peril. "Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have led. When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it."

*Gregory*, 705 F.2d at 1123.

The court's holding in *Gregory* was not applicable to the creditor's failure to file a claim prior to the bar date because the Supreme Court has held that the bar date can not be used to preclude a claim where the notice afforded was not in conformity to the regulatory or statutory requirements. However, that holding does not preclude a court from limiting the creditor's right to file a claim pursuant to the independent doctrine of laches. *See, Matter of Chicago, Rock Island & Pacific R. Co.*, 788 F.2d 1280 (7th Cir.1986). In applying the doctrine of laches, the same due process analysis suggested in *Gregory* must be applied.

■ Pursuant to *Gregory*, it can not be disputed that Morgan was supplied with information sufficient to put her on inquiry notice. The Chapter 13 Plan failed to list Morgan's claim, and such a failure would apprise a reasonable creditor that her claim was at risk under the Plan. The question is whether her delay in bringing suit was "unreasonable" under the circumstances. In analyzing this question, the court re-

views the bankruptcy court's determination for an abuse of discretion.

 Morgan has not presented this court with any reason justifying her failure to bring a claim at an earlier date, except her statement that she was just being patient, and that she assumed that her claim fell under class 7 of the Plan (all claims not specifically mentioned fall into class 7), and the Plan called for satisfaction of classes 1 through 6 in full before the class 7 creditors receive anything. Thus, Morgan was waiting to see if she would collect anything under the plan before she made a claim.

Appellant's stated reasons for delay are patently insufficient. Morgan knew that her claim fell within a class of creditors with the least likelihood of collecting, and instead of moving immediately to bring a claim and object to the Plan, she decided to wait it out, and let the proceedings wind down before she would decide whether to make a claim. Under the circumstances, the bankruptcy judge did not abuse his discretion in finding that appellant slept on her rights and behaved in a dilatory manner. Upon learning of the proceedings and receipt of the Chapter 13 Plan, Morgan should have immediately begun protecting her rights. Her two year wait is unjustified and supports the bankruptcy judge's determination that the delay was unreasonable. Thus, it is not the claim bar date, but the unreasonableness of appellant's dilatory conduct in bringing the claim that precludes appellant from filing a claim at this stage in the proceedings.

### B. Prejudice

The prejudice suffered by the Chapter 13 debtor is apparent. The bankruptcy laws provide a debtor to undergo a fresh start after living through the necessarily lengthy Chapter 13 proceedings. As recognized by the court in *Pagan*, the debtor, trustee, creditors, and even the bankruptcy court are entitled to some measure of finality. Allowing a dilatory creditor to wait out the proceedings before asserting her rights would significantly prejudice all involved by robbing them of the significant benefit of finality. A finding of prejudice under these circumstances does not constitute an abuse of discretion.

Therefore, the Bankruptcy Court's decision is upheld on the ground that appellant was guilty of laches.