**In re Waymon HOBDY, Debtor.**

**FIREMAN'S FUND MORTGAGE CORPORATION, f/k/a Manufacturers Hanover Mortgage Corporation, Appellant,**

v.

**Waymon HOBDY, Nancy Curry, Chapter 13 Trustee, Appellees.**

**BAP No. CC–90–1115–VPJ.**

**Bankruptcy No. LAX 87–55968–SB.**

United States Bankruptcy Appellate Panel, Ninth Circuit.

Argued March 20, 1991.

Submitted April 15, 1991.

Decided Aug. 23, 1991.

Billie L. Crowe, U.S. Justice Dept., Washington, D.C., for I.R.S., a creditor.

Harry A. Engberg, Sioux Falls, S.D., for debtor Dakota Industries, Inc.

Before VOLINN, PERRIS, and JONES, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

## OVERVIEW

Secured creditor Fireman's Fund Mortgage Corporation ("FFMC") appeals an order denying its motion for allowance of claim as filed against debtor Waymon Hobdy ("Hobdy"). The bankruptcy court ruled that FFMC's motion was an inappropriate means for contesting a provision relating to the claim in a confirmed Chapter 13 plan.[1] We REVERSE.

## FACTS AND PROCEEDINGS BELOW

Hobdy filed his Chapter 13 bankruptcy petition on December 4, 1987. As of that date, FFMC was owed a total of $36,787.55 in arrearages on a note secured by Hobdy's principal residence. In the Chapter 13 statement filed with the petition, Hobdy indicated that he owed FFMC $35,000 in pre-petition arrearages.

On or about December 9, 1987, FFMC received notice of the petition, the Chapter 13 statement, the § 341(a) hearing, and the confirmation hearing. On December 18, 1987, Hobdy filed his proposed Chapter 13 plan in which he listed the total amount of unpaid pre-petition arrearages owed to FFMC as $4,532. Although Hobdy's attorney allegedly served the proposed plan on all creditors, FFMC contends that it did not receive a copy of the plan.

On January 20, 1988, FFMC filed a timely proof of claim in the amount of $36,-787.55 for the pre-petition arrearages. There were no objections to FFMC's claim. FFMC did not appear at the February 2, 1988 confirmation hearing at which Hobdy's proposed plan was confirmed. On February 19, 1988, an order confirming Hobdy's proposed plan was entered. The confirmed plan provided that the unpaid pre-petition arrearages totaled $4,532.

Nearly a year and a half later, on June 22, 1989, FFMC filed a motion for allowance of claim challenging the amount allowed for its claim in the confirmed plan. The trustee responded that the local rules provided that she need only pay FFMC the lesser amount provided in the confirmed plan.[2]

On December 19, 1989, the trial court denied FFMC's motion on the grounds that FFMC had neglected to object to the plan, or to initiate a timely action to revoke the confirmed plan pursuant to Code § 1330. In response to FFMC's claim that it did not receive notice of the proposed plan, the court held that FFMC was put on inquiry notice when it received notice of the filing of debtor's petition.

Neither of the appellees, *i.e.*, debtor Hobdy and trustee Nancy Curry, has filed a brief in this appeal.

## ISSUE

The principal issue raised in this appeal is whether appellant's due process rights were violated when its secured claim was reduced by the confirmed Chapter 13 plan.

## STANDARD OF REVIEW

This appeal raises a legal issue which is subject to a *de novo* standard of review.

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

2. Local Rule 11, made effective by Local General Order of April 15, 1987, provided:

   For all secured claims and tax claims, the Chapter 13 trustee shall pay the lesser of the amount of the claims or the amount provided in the confirmed plan.

   This rule was omitted from the local rules made effective by the Local General Order of July 1, 1988.

*Ragsdale v. Haller,* 780 F.2d 794, 795 (9th Cir.1986).

## DISCUSSION

■ Due process requires that a creditor receive notice of any bankruptcy proceeding which is to be accorded finality. *In re Toth,* 61 B.R. 160, 165 (Bankr.N.D.Ill.1986). Such notice must be "reasonably calculated" to apprise interested parties of the pendency of an action and to afford them an opportunity to present objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See also Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620, 622 (10th Cir.1984).

■ In this case, the debtor failed to object to the secured claim filed by FFMC and instead challenged the claim indirectly by means of its Chapter 13 plan which proposed to substantially reduce the claim. The Bankruptcy Rules, which set forth the procedural mechanism for implementing the Code, do not permit such indirect attacks on the viability of claims. Bankruptcy Rule 3007 requires that all objections to claims be in writing and filed with the court, and that the claimant be given 30 days notice of a hearing to resolve the dispute. Bankruptcy Rule 9014 provides that in all contested matters, such as objections to claims, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."

Given the debtor's failure to object to the FFMC claim, it was reasonable for FFMC to assume that any proposed plan would not impair its claim in any manner. This assumption is consistent with *In re Simmons,* 765 F.2d 547, 551 (5th Cir.1985) which recognized that under Code § 502(a) a claim as filed is presumptively valid unless a party in interest submits an objection. As indicated, the trustee contended in the trial court that FFMC was only

entitled to the arrearage amount listed in the confirmed plan. Local Rule 2 (now deleted from the local rules) provided that she should pay the lesser of the claim or the amount contained in the confirmed plan. We find that compliance with this local rule cannot justify the improper impairment of a secured claim. *See In re Hill,* 811 F.2d 484 (9th Cir.1987) (no procedural rule may be applied in a manner that denies a substantive right). We also note that the initial notice sent to all creditors did not advise FFMC and other creditors that the confirmation process would be the final word in any conflicts between allowed claims and amounts provided for in the proposed plan.

Moreover, we do not believe that FFMC may be imputed with notice that the debtor intended to lodge, through its proposed plan, an objection to the FFMC claim.[3] This is not a situation where a creditor is on inquiry notice of a bankruptcy petition and consequently is obliged to investigate outstanding matters or deadlines of general applicability to all creditors. *E.g., In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428 (9th Cir.1990) (creditor on inquiry notice despite lack of actual notice of claims bar date); *In re Price,* 871 F.2d 97 (9th Cir. 1989) (implied notice to creditor of deadline for filing nondischargeability complaints notwithstanding non-receipt of notice); *Matter of Gregory,* 705 F.2d 1118 (9th Cir. 1983) (creditor on inquiry notice of debtor's intent to pay nothing to unsecured creditors even though creditor did not receive proposed Chapter 13 plan).

A creditor who is aware that a bankruptcy petition has been filed is not necessarily put on inquiry notice about every matter brought before the court. *See In re Coastal Alaska Lines, Inc.,* 920 F.2d at 1431 (discussing *In re Barsky,* 85 B.R. 550 (C.D.Cal.1988)). In *Barsky,* the bankruptcy court held that a creditor listed on the bankruptcy schedules who did not receive actual notice of the claims bar date as

---

**3.** FFMC also contends that it never received a copy of the proposed plan and consequently it never even knew that debtor sought to impair the claim. The record reveals that the trustee attested to the fact that a copy of the plan was mailed to the creditor. However, because of our ultimate disposition of this appeal, we need not address the question as to whether FFMC received a copy of the proposed plan.

required by the Bankruptcy Rules was not put on inquiry notice of the deadline. The court found that such a creditor should be able to assume that he will "receive all of the notices required by statute before his claim is forever barred." *Id.* at 553, relying on *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). Similarly, FFMC had a right to expect that if the debtor wished to object to its claim for arrearages, the debtor would file, in accordance with the Bankruptcy Rules, a written objection with notice of a hearing on the matter. Because the FFMC claim was compromised without the requisite notice, FFMC was deprived of its constitutionally protected right of due process.

Confirmed plans are normally considered final and binding pursuant to Code § 1327(a).[4] However, the plan that was confirmed here was fatally defective in its arbitrary reduction of FFMC's secured arrearage claim. We do not believe the need for finality of confirmed plans extends to circumstances present in this case: where a debtor misuses, whether or not intentionally, the plan confirmation process to reduce a valid claim without the requisite notice and opportunity to be heard. In any event, § 502(a) is the statutory provision which specifically governs questions of claims allowance and, consequently, should control over the more general policy considerations embodied in § 1327(a). *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 524, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989) ("[a] general statutory rule usually does not govern unless there is no more specific rule").

### CONCLUSION

The confirmed Chapter 13 plan violated due process by reducing FFMC's secured claim without notice and hearing as required under Bankruptcy Rules 3007 and 9014. Accordingly, we REVERSE the trial court's order refusing to allow FFMC's claim for the full amount of the unpaid arrearages.

PERRIS, Bankruptcy Judge, concurring:

The issue, as stated in the majority opinion, is whether appellant's due process rights were violated when its secured claim was reduced by the confirmed Chapter 13 plan. Framing the issue in such a manner assumes that the effect of confirmation was to reduce the secured claim. Since I disagree that the allowed secured claim was reduced as a result of confirmation, I would not reach the constitutional question of whether due process rights were violated. On appeal, courts should avoid passing upon a constitutional question if there is an alternative basis for determining the case. *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J. concurring); *In re American Bicycle Association*, 895 F.2d 1277, 1279 (9th Cir.1990); *In re Brown Family Farms, Inc.*, 872 F.2d 139, 142 (6th Cir.1989).

The issue is whether the court erred in denying the creditor's motion for an order allowing the secured claim. Determination of that issue requires the resolution of two seemingly conflicting statutes. The creditor filed a proof of claim in a certain amount which was not objected to and was therefore deemed allowed under § 502(a). However, that provision appears to conflict with § 1327(a), which states that the plan (which listed a different amount for the claim) is binding.

Two principles of statutory construction guide the resolution of the matter. First, statutory provisions should be read as consistent when possible. *In re Caster*, 77 B.R. 8, 13 (Bankr.E.D.PA.1987). If the two provisions may not be harmonized, then the more specific will control over the general. *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 524, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989).

---

**4.** Section 1327(a) provides:
    (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan.

**322**

Sections 502(a) and 1327(a) may be harmonized by interpreting § 1327(a) as dictating that the plan binds the parties to the amount the trustee will distribute under the plan, but is not binding as to the amount of the claim. *See In re Stein*, 63 B.R. 140 (Bankr.D.Neb.1985) (proof of claim controls over confirmed plan despite local practice to the contrary). Under that interpretation, a debtor who completed payments in the amount specified in a plan could not compel satisfaction of the lien until payment of the full amount of the secured claim deemed allowed under § 502. If the debtor or trustee disagreed with the amount claimed by the creditor as secured, the debtor could file an objection to that claim. If the claim were ultimately allowed in the amount claimed by the creditor, then either the debtor, creditor or trustee may seek modification of the plan under § 1329 to conform to the amount of the allowed claim.

Harmonizing § 1327(a) and 502(a) in such a manner is also compelled by § 1322(b)(10), which prohibits confirmation of a plan which is not consistent with Title 11. It is inconsistent with Title 11 for a plan to effectively determine the amount of a secured claim. That is because such a result would be inconsistent with § 502(a) and rule 3007 regarding objections to claims. *See In re Simmons*, 765 F.2d 547, 553 (5th Cir.1985); *In re Stein*, 63 B.R. at 145 (the Code and Rules do not contemplate the use of a plan as a means for objecting to proofs of claim); *In re Mikrut*, 79 B.R. 404, 406 (Bankr.W.D.Wis.1987) (characterization of a secured claim in a confirmed plan does not bind the secured creditor, even if the secured creditor has failed to object to the plan's treatment of its claim).

If § 1327 and § 502 are not harmonized as above, then the two provisions appear to conflict concerning the issue of allowance of a claim provided for in a confirmed plan. If the statutes are interpreted as conflicting, then § 502 should control questions of claims allowance, as it is the more specific statute. Therefore, regardless of whether § 502(a) and 1327(a) are interpreted as in harmony or in conflict, the amount of the creditor's allowed secured claim in the in-

stant case is controlled by the proof of claim.

I am aware of authority which, relying upon § 1327, holds that the amount of a secured claim is determined with reference to the confirmed chapter 13 plan. *See, e.g., In re Hebert*, 61 B.R. 44 (Bankr.W.D.La. 1986). I do not find such authority persuasive, as it does not discuss or satisfactorily reconcile the interplay between sections 502 and 1327. I believe that such an analysis is necessary to adequately address the legal issues presented.

### CONCLUSION

While concurring that the amount of the creditor's secured claim is not determined by the confirmed plan, I believe that the issue may and should be decided on the basis that section 502 controls issues of claims allowance. Since the debtor failed to object to the creditor's timely filed proof of claim, that claim is deemed allowed. Accordingly, I believe that the bankruptcy judge erred in denying the creditor's motion for an order allowing the claim, and would REVERSE.