**In re Charles Eugene FEWELL and Sharon Kay Fewell, Debtors.**

**FLEET REAL ESTATE FUNDING CORP., Plaintiff,**

v.

**Charles Eugene FEWELL, Sharon Kay Fewell, and Sally J. Zeman, Chapter 13 Trustee, Defendants.**

**Bankruptcy No. 89–B–08069–A. Adv. No. 92–1579–SBB.**

United States Bankruptcy Court, D. Colorado.

Jan. 14, 1993.

Richard N. Gonzales, Richard N. Gonzales, P.C., Denver, CO, for debtors/defendants.

Lynn M. Janeway, Shapiro & Meinhold, Denver, CO, for plaintiff.

Sally J. Zeman, Denver, CO, Chapter 13 Trustee.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on a Complaint for Declaratory Judgment filed April 7, 1992 by Plaintiff Fleet Real Estate Funding Corp. ("Creditor"). The Debtors, Charles Eugene Fewell and Sharon Kay Fewell ("Debtors"), filed an Answer to the Complaint on May 20, 1992. On June 19, 1992, the Chapter 13 Trustee filed a Brief generally in opposition to the relief requested and, on July 6, 1992, the Creditor filed a Brief in Support of its Complaint. A trial on the Complaint utilizing stipulated facts was held on September 8, 1992. The Court, having reviewed the file and being advised in the premises, makes the following findings of fact and conclusions of law, and issues the following order.

### FINDINGS OF FACT

1. The Debtors filed a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code on June 14, 1989. On August 1, 1989, the Debtors filed a Motion to Confirm their Chapter 13 Plan. There were no objections to the Plan, and it was confirmed on September 8, 1989.

2. On July 10, 1989, the Creditor filed a timely Proof of Claim for mortgage arrearages in the amount of $9,001.69. The Debtors did not object to this Proof of Claim.

3. Debtors' Chapter 13 Plan reflected that the mortgage arrears to the Creditor were $6,000.00. Pursuant to the Plan, the Debtors paid eight percent (8%) capitalization for a total of $6,772.64 to be paid to the Creditor through the Chapter 13 Trustee. Debtors' Chapter 13 Plan clearly showed this

information, but the Motion to Confirm did not.

4. The Certificate of Mailing accompanying the Motion to Confirm submitted by the Debtors, showed that a copy of the Motion to Confirm was mailed to the Creditor, but did not show that a copy of the Chapter 13 Plan was mailed to the Creditor. The Creditor did not object to confirmation of the Plan.

5. The Creditor's Proof of Claim contained the following language:

Claimant rejects the debtor's [sic] plan as filed 06–14–89, because: (1) Arreare [sic] is incorrectly stated in plan. (2) Claimant is not adequately protected. The proof of claim is signed by Carla Thomas, Bankruptcy Specialist.

### DISCUSSION

██ 6. The Trustee characterized the Creditor's Complaint as follows: "[The Creditor] filed this adversary seeking a determination that its lien will survive the debtors' discharge and that the debtors will remain liable for that portion of the prepetition default that was not provided for by the plan. [The Creditor] also presents the argument that the Trustee should distribute the sum set forth in the proof of claim rather than in the plan." Brief of Chapter 13 Trustee, p. 2.

The Trustee then framed the issues as follows:

1. Should the Trustee distribute pursuant to the plan or the creditor's proof of claim when the plan proposes to cure a default?

2. When the amount of default set forth in the confirmed plan is less than the amount set forth in the allowed proof of claim, will the "deficiency" be discharged?

3. Does the lien survive the discharge?

Brief of Chapter 13 Trustee, p. 2.

7. The Creditor characterizes this adversary proceeding as one for "a determination that its debt is non-dischargeable, its lien will survive, and that the confirmation does not divest Fleet of its right to and ability to enforce its lien to collect the prepetition arrears not provided for by the Debtors' plan."

8. This Court views the dispute as one which has as its central and dominant feature the evident inconsistency and irreconcilable terms of Sections 502(a) and 1327(a) of the Bankruptcy Code.

9. Section 1327 of the Bankruptcy Code provides, in pertinent part, as follows:

**§ 1327. Effect of confirmation.**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

 Confirmation of a Chapter 13 plan is an important act which controls the rest of the Chapter 13 case. Once a Chapter 13 plan is confirmed, all parties must look to the confirmed plan to determine the relationships among the parties. In *In re Davidson,* 72 B.R. 384 (Bankr.D.Colo.1987), this Court held: "[A] Chapter 13 plan, is in effect, a new contract between the debtor and his creditors, modifying the payment terms of his obligations to the creditors. That contract becomes binding on the creditors by the order of confirmation. 11 U.S.C. § 1327(a)." *Id.,* at 387.

10. Pertinent portions of Sections 501 and 502 are in seeming conflict with the cited provision of Chapter 13. Those sections provide, in part, as follows:

**§ 501. Filing of proofs of claims or interests.**

(a) A creditor . . . may file a proof of claim.

**§ 502. Allowance of claims or interests.**

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, . . . objects.

(b) [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount. . . .

11. The apparent conflict pits Section 1327, which provides that a confirmed Chapter 13 plan binds a debtor and his creditors, and Section 502(a), which states that a proof of claim is allowed unless a party objects to that proof of claim. If the Debtors' confirmed Chapter 13 Plan binds the Creditor, the Creditor is limited to the $6,772.64 it will receive for its arrearages pursuant to that confirmed Plan. If Section 502 prevails, the Creditor is entitled to the amount of $9,001.69 as provided in its Proof of Claim, albeit it may be entitled to all of that sum not under the Plan, but a combination of through the Plan and post-discharge, after the Plan.

The Ninth Circuit Bankruptcy Appellate Panel faced the identical circumstances now before this Court. In *In re Hobdy,* 130 B.R. 318 (9th Cir. BAP 1991), a debtor was in arrearages on a note secured by the debtor's principal residence. The debtor filed a proposed Chapter 13 plan in which the debtor listed the total amount of unpaid pre-petition arrearages owed to the creditor as $4,532.00. This Chapter 13 plan was confirmed. However, the creditor filed a timely proof of claim in the amount of $36,787.55 for the pre-petition arrearages. There were no objections to this timely-filed proof of claim. The creditor filed a motion for allowance of its claim, however, the bankruptcy court ruled that the creditor's motion was an inappropriate means for contesting a provision relating to the claim in a confirmed Chapter 13 plan. However, the Ninth Circuit Bankruptcy Appellate Panel reversed and held that the creditor had a right to expect that if the debtor wished to object to the proof of claim for arrearages the debtor would file in accordance with the Bankruptcy Rules a written objection with notice of a hearing on that matter. The Panel held that to do otherwise would deprive the creditor of the creditor's due process rights.

In a concurring opinion in *Hobdy,* Judge Perris addressed the issue of the conflict between Sections 502(a) and 1327(a), and stated:

Sections 502(a) and 1327(a) may be harmonized by interpreting § 1327(a) as dictating that the plan binds the parties to the amount the trustee will distribute under the plan, but is not binding to the amount of the claim. [Citation omitted.]

Under that interpretation, a debtor who completed payments in the amount specified in a plan could not compel satisfaction of the lien until payment of the full amount of the secured claim deemed allowed under § 502.

. . . . .

If § 1327 and § 502 are not harmonized as above, then the two provisions appear to conflict concerning the issue of allowance of a claim provided for in a confirmed plan. If the statutes are interpreted as conflicting, then § 502 should control questions of claims allowance, as it is the more specific statute. Therefore, regardless of whether § 502(a) and 1327(a) are interpreted as in harmony or in conflict, the amount of the creditor's allowed secured claim in the instant case is controlled by the proof of claim.

*Hobdy, supra* at 322.

12. Section 502 of the Bankruptcy Code is clear. There was no objection filed to the Proof of Claim filed by this Creditor and that claim is therefore deemed allowed. Neither the Chapter 13 Trustee nor the Debtors have provided this Court with any rationale, applicable and persuasive case law, or compelling argument, as to why this Court should ignore the clear language of that particular statute. The case law and reasoning, in this Court's opinion, favor the Creditor's position.

13. This Court is well aware that there are decisions in other jurisdictions that have faced this same issue and have ruled differently. *See, e.g., In re Rathe,* 114 B.R. 253 (Bankr.D.Idaho 1990). This Court does not find those cases particularly applicable and/or persuasive.

14. This Court believes the view adopted here is reinforced by the recent opinion of Chief Judge Charles E. Matheson in *In re Nelson,* Case No. 88–B–07028–E, issued August 18, 1992. In *Nelson,* Judge Matheson ruled that a creditor, the IRS, was bound to the terms of a plan which treated its claim differently than that of the IRS timely-filed proof of claim. Judge Matheson recognized that a plan, once confirmed, binds the debtor and each creditor, pursuant to Section 1327(a), but that plan confirmation is not a substitute for, and cannot supercede, the claims allowance provisions of the Code set forth in Section 502(a) and Rule 3002, Fed. R.Bankr.P. As Judge Matheson recited: "[T]here is a difference between *allowing* a claim and determining its classification or priority. [Citation omitted.]" This Court concludes that the Creditor's timely-filed Proof of Claim—not objected to by the Debtors or any other interested party—will not be supplanted, or overturned, by a Plan which materially understates the amount of the secured claim.

15. These conclusions or, more accurately, the principles adopted here, are reinforced by two recent opinions. The first is an *en banc* opinion, *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992). In *Hausladen* the court held essentially, that filed claims are deemed allowed absent disallowance pursuant to Section 502(b) and that section does not disallow a claim simply because it was not timely-filed. A proof of claim filed is allowed unless disallowed under Section 502(b)(1)–(7).

Second, in *U.S. v. Viecchio,* 147 B.R. 303 (E.D.N.Y.1992), the District Court held that, while a late-filed amended claim in Chapter 7 was tardy and would not be accorded the priority to which it would otherwise be entitled, it would be nonetheless an allowed claim pursuant to Section 726(a)(3). The court recognized the allowance of a late-filed priority claim; the claim may have lost its priority, but not its vitality and enforceability.

16. The Court also concludes that, for the reasons cited by the Chapter 13 Trustee in her Brief, that the Trustee must distribute pursuant to the Plan proposed by the Debtors and confirmed by the Court. Provisions of a confirmed plan do, indeed, bind the debtor, creditors, and payment arrangements undertaken by and conducted through the Office of the Trustee. 11 U.S.C. §§ 1326, 1327.

17. The Court finally concludes that the portion of the Creditor's allowed claim that remains unpaid after the payments have been received through the Plan survives and is an enforceable claim against the Debtors.

■ 18. A bankruptcy discharge will not prevent enforcement of valid liens. As an *in rem* action on a secured claim, the

secured creditor may proceed to enforce the lien and is not barred by Section 524 of the Code. Unavoided liens pass through Section 506(d) without action by the lienholder. *See, Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *Chandler Bank of Lyons v. Ray,* 804 F.2d 577 (10th Cir.1986).

IT IS THEREFORE ORDERED as follows:

1. The Chapter 13 Trustee shall distribute funds pursuant to the terms of the Debtors' confirmed Chapter 13 Plan.

2. Fleet Real Estate Funding Corporation's Proof of Claim is allowed, as filed, in the sum of $9,001.69. The lien held by Fleet Real Estate Funding Corporation survives the Debtors' discharge.

3. The Debtors shall remain liable to Fleet Real Estate Funding Corporation or its assigns, but only for any deficiency that may result after the consummation of their Chapter 13 Plan between the allowed claim of $9,001.69 and the funds actually paid through the Chapter 13 Plan.