**In re Dennis Eugene EDWARDS, and Kathleen Edwards, Debtors.**

**Bankruptcy No. 91–10017 DEC.**

United States Bankruptcy Court, D. Colorado.

April 30, 1993.

James E. Martin, Jr., Denver, CO, for Countrywide Funding Corp.

Joe G. Mears, Fort Collins, CO, for debtor.

**ORDER ALLOWING PAYMENT OF COUNTRYWIDE IN ACCORDANCE WITH CONFIRMED CHAPTER 13 PLAN**

DONALD E. CORDOVA, Bankruptcy Judge.

THIS MATTER came on for hearing on March 23, 1993, on Countrywide Funding's Motion for Court to Consider Chapter 13 Plan Filed by Debtor as Informal Proof of Claim and to Allow Amendment of Informal Proof of Claim, and the Debtor's response thereto. The Court has reviewed the Motion and the file, and has considered the arguments set forth by the parties, and hereby finds as follows:

## FACTS

The Debtors filed this Chapter 13 proceeding on January 2, 1991. The Court issued an order confirming their Chapter 13 plan on March 25, 1991. The confirmed plan provides for secured creditor Countrywide Funding to receive payments totalling $7,899.48. However, Countrywide did not file a proof of claim, and the Debtors did not file a proof of claim on Countrywide's behalf. Countrywide's Motion seeks to have the plan of reorganization considered an "informal proof of claim". Then, Countrywide proposes to amend this informal proof of claim to provide an increased payment amount. The Debtors do not object to the characterization of the plan as an informal proof of claim, but object to the amendment of such claim.

## DISCUSSION

 Courts in Colorado have adopted a five-part test for the allowance of "informal proofs of claim", which in most cases are then sought to be amended: 1.) The claim must be in writing; 2.) The claim must contain a demand by the creditor upon the debtor's estate; 3.) It must express an intent to hold the debtor liable on the claim; 4.) It must be filed with the Court; and, 5.) The circumstances of the case must make it equitable to allow amendment of the informal proof of claim. *In re Cooper*, 139 B.R. 736, 738 (D.Colo.1992); *In re Bowers*, 104 B.R. 362, 364 (Bankr.D.Colo.1989). In this case, the meeting of the requirements is questionable, since the plan merely sets forth a payment schedule, rather than making a demand by Countrywide on the Debtors' estate. In addition, even assuming that the plan functions as an informal proof of claim, Countrywide has not met the fifth criterion of the *Bowers* test. Since Countrywide had notice of the plan and of the right to object to its proposed treatment under the plan, it appears inequitable to allow amendment.

 The remaining question is whether Countrywide may nonetheless be paid in accordance with the confirmed plan, if the plan does not constitute an informal proof of claim, or, alternatively, if the plan as an informal proof of claim may not be amended. This question raises the issue of the meaning of 11 U.S.C. § 1327(a), and of that section's relationship to 11 U.S.C. §§ 501, 502, 506, and 1326, and Bankruptcy Rule 3002.

11 U.S.C. § 501 discusses who may file a "proof of claim", and subsections (b) and (c) provide who may file one in the event that the "creditor does not timely file a proof of such creditor's claim ..." Section 501 does not contain the definition of an untimely filing, nor explain the consequences of an untimely filing. 11 U.S.C. § 502(a) provides that a claim filed pursuant to § 501 is "deemed allowed, unless a party in interest ... objects." The Court notes that the section does not say a proof of claim has to be *timely* filed in order to be allowed, merely that it must be filed. In the event of an objection, a Court must hold a hearing and determine the allowability and the amount of the disputed claim. *Id.* 11 U.S.C. § 502(b) goes on to provide that the Court shall allow the claim, following a hearing, except as provided in subsections (e)(2), (f), (g), (h), and (i), and for the reasons set forth in subsection (b) 1–8. None of these exceptions specify disallowance for untimely filing. However, § 501 refers to a "timely" claim. Further, Fed. R.Bank.P. 3002(a) requires the filing of a proof of claim for unsecured creditors and equity interest holders, and 3002(c) imposes a deadline for filing proofs of claim of 90 days after the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341.

11 U.S.C. § 1326(a)(2) states that the Chapter 13 Trustee must make payments in accordance with the confirmed plan. 11 U.S.C. § 1327(a) provides that

the provisions of confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

On their face, these Code sections resolve the case at bar, because they provide that the confirmed plan shall control even in the event of objections. There is no conflict between 11 U.S.C. § 502 and §§ 1326 and 1327. In allowing the provisions of a confirmed plan to prevail, a Court is not stating that the subject claim is or is not allowed, or even that it

is secured or unsecured. Instead, a Court is finding that by not objecting to the confirmation of the plan, of which it received notice, a creditor is agreeing to be treated as set forth in the plan.

The Code does not specifically describe the consequences of failure to file a timely proof of claim. Bankruptcy Rule 3002(a), which requires compliance in order to have an unsecured claim allowed, contains minimal guidance. Courts in Colorado and elsewhere have taken a variety of approaches in determining the ramifications of untimeliness.

In 1985, the Fifth Circuit discussed a situation where neither a timely-filed proof of claim nor a Chapter 13 plan had been disputed. *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 554 (5th Cir.1985). The Court found that where no objection was filed to a creditor's proof of secured claim, it was deemed allowed even though the debtor's confirmed plan treated it as an unsecured claim. The Court stated

> Savell's failure to interpose an objection to the plan or to appeal the confirmation order should not now be permitted to justify avoidance of a lien securing a claim that was originally deemed an allowed secured claim as a result of Simmons' failure to object to Savell's timely filed proof of secured claim.

*Id.*, at 765 F.2d 557.

More recently, the Ninth Circuit BAP reached a similar resolution on the grounds of due process. *In re Hobdy*, 130 B.R. 318 (9th Cir. BAP 1991). In *Hobdy*, the Court addressed the issue of whether a creditor's due process rights were violated when its secured claim was reduced by the terms of a confirmed Chapter 13 plan. The creditor had filed a proof of claim, but had not objected to confirmation of the plan. The Court recognized that confirmed plans are normally considered final and binding under 11 U.S.C. § 1327(a), but found that the plan confirmed in that case was defective due to its arbitrary reduction of the secured creditor's arrearage claim. The Court placed the burden on the debtor to object to the creditor's claim. *Id.*, at 130 B.R. 321. It stated that the notice of the motion to confirm did not serve to advise the secured creditor, and all creditors, that

the confirmation process would be the final word in any conflicts between allowed claims and plan provisions. *Id.*, at 130 B.R. 320. Therefore, the Court reasoned, the process robbed the creditor of its due process rights.

In *Fleet Real Estate Funding Corporation v. Fewell (In re Fewell)*, Adversary Proceeding No. 92–1579 SBB (January 14, 1993), Judge Brooks examined a case in which the debtors' confirmed Chapter 13 plan treated a secured creditor differently than the creditor's "deemed allowed" proof of claim. The creditor received notice of the motion to confirm, but did not receive a copy of the proposed plan. The creditor then filed an adversary proceeding seeking a declaratory judgment that its lien would survive a discharge and that the debtors would remain liable on any prepetition default not provided for in the plan. Citing his opinion in *In re Davidson*, 72 B.R. 384 (Bankr.D.Colo.1987) for the proposition that once a Chapter 13 plan is confirmed, all parties must look to the confirmed plan to determine the relationships among the parties, Judge Brooks noted an apparent conflict between §§ 501, 502, and 1327(a). *Id.*, at page 3. He went on to find that "the creditor's timely-filed Proof of Claim, not objected to by the Debtors or any other interested party, will not be supplanted or overturned by a Plan which materially understates the amount of the secured claim." *Id.*, at page 7. He held that the Chapter 13 Trustee was bound to make distributions pursuant to the terms of the confirmed plan, but concluded that the portion of the creditor's allowed claim which remained unpaid at the conclusion of the plan survived and was enforceable against the debtors. *Id.*, at pages 7–8.

In *In re Hausladen*, 146 B.R. 557, 560 (Bankr.D.Minn.1992), the Court held that the rights of untimely filing claimants are controlled by the terms of the plan rather than defined by the Code. The Court found that the allowance of a claim is distinct from its treatment or classification, making it unnecessary to choose between § 502 and Rule 3002, as they are independent and not complementary. *Id.*, at 146 B.R. 561. The Court pointed out that § 726(a) of the Code allows untimely claims to be paid, and held

that § 1322(b)(10) permits plan provisions to address late-filed claims. *Id.,* at 146 B.R. 560. The Court concluded that to the extent that § 502 and Rule 3002 conflict, the statute must prevail over the Rule. *Id.,* at 146 B.R. 561, *citing* 28 U.S.C. § 2075.

The *Hausladen* Court held that since the Code provides for treatment of late filed claims, the Rule is of no effect since the Rule contradicts the Code. However, in a Chapter 13 context, the Code does not specifically allow the payment of late filed claims. Contrary to the *Hausladen* Court's view, 11 U.S.C. § 1322(b)(10) does not specifically provide otherwise. What does allow for the nonpayment or payment of late filed claims is the language of § 1327(a).

In *In re Judkins,* 151 B.R. 553 (Bankr. D.Colo.1993), Judge Brumbaugh addressed a case where a secured creditor, GMAC, and the debtor filed a joint motion for allowance of a late-filed proof of claim. The debtor's confirmed Chapter 13 plan provided for GMAC's secured debt. The Chapter 13 trustee objected to the joint motion, citing *In re Smartt Construction Co.,* 138 B.R. 269 (D.Colo.1992) for the proposition that a late-filed claim should be disallowed. The Court pointed out, however, that "allowability" was not an issue in the *Smartt* case, since there were insufficient assets in the estate to make any distribution to late-filed claims. *Id.,* at 555–56. Judge Brumbaugh then held

> When considered in the proper context, this case stands only for the proposition that under Bankruptcy Rule 3002 the court cannot extend the period to file timely proofs of claim in a Chapter 7 case. It does not stand for the proposition that a late-filed claim is "disallowed" for all purposes.

*Id.* Judge Brumbaugh agreed with the *Hausladen* court that a claim cannot be disallowed merely because it is untimely, and stated that tardiness can provide the basis for different treatment of a claim under a Chapter 13 plan. *Id.* He disagreed with the holding in *In re Johnson,* 95 B.R. 197 (Bankr.D.Colo.1989), that a secured creditor must have a timely-filed proof of claim in order to receive distributions under a Chapter 13 plan. Instead, he ruled that secured creditors are not covered by the mandatory filing provisions of Rule 3002(a), noting that if the trustee objects to making distributions to a creditor for whom no proof of claim has been filed, she should do so before confirmation of the plan. *Id.,* at 556.

This Court disagrees with the reasoning in *Simmons, Hobdy,* and *Fewell* for two reasons. First, these cases deprive § 1327(a) of its clear meaning. If a creditor who has filed a proof of claim cannot be held to the terms of a confirmed plan, as in *Simmons* and *Hobdy,* and a creditor who has not filed a proof of claim cannot receive payments according to the terms of confirmed plan, as in *Fewell,* the question becomes: Why would the section exist if not to function as the determinant in disputes between claims, whether allowed or disallowed, and plan provisions? For that matter, why bother to require a debtor to send out notice of a motion to confirm a plan if the notice does not mean that creditors must object within a certain time, failing which the plan may be confirmed as proposed, and will thereafter control the relationship of the debtor and the creditors? While the Court agrees with the *Hobdy* Court that a creditor who is aware of a bankruptcy petition is not through that knowledge necessarily put on notice about every matter brought before the Court, it does not seem injurious to the notion of due process to expect that a creditor who receives notice of plan and its contents will know the proposed treatment of his debt, and that the plan will be binding when and if it is confirmed. The plan and the motion to confirm so provide. Second, the Chapter 13 claims objection procedure, at least in the District of Colorado, precludes a debtor from objecting to proofs of claim until after the plan is confirmed. *See,* Bankruptcy Rule 3002, Local Rule 35. Therefore, placing the burden on the debtor to object to a claim puts him in a "no-win" situation. The only available escape from this paradox is by permitting § 1327(a) to operate according to its clear language.

■ Section 1327(a) provides finality for the Chapter 13 process. The Court cannot conclude, and, indeed, believes it is inappropriate to conclude that no effect should be

given to the Rule which imposes a deadline for filing proofs of claim. However, in accordance with the flexibility allowed the Debtor under the Chapter 13 process, the deadline may be imposed on a creditor, and yet the Debtor may still attempt to bind the creditor to the treatment set forth in a confirmed plan. Conversely, a creditor who has timely filed a proof of claim may agree to different treatment by declining to object to the plan. If the creditor does not agree with the treatment, he may object to confirmation. That is the purpose of the motion to confirm and notice. If a creditor does not object, or his claim is disallowed after a hearing, the confirmed plan controls under § 1327(a). It is true, as noted by Judge Brooks in *Fewell, supra,* that the plan confirmation process is not a substitute for the claims allowance process under § 502. However, the Court believes that the confirmation process may work along side the claims allowance process to provide for the efficient settlement of claims. The Court cannot conclude that due process is offended by asking a creditor to object to the treatment of his claim, in a plan of which he has notice, in a bankruptcy of which he has notice.

This view harmonizes with the conclusion of Judge Brumbaugh in *Judkins, supra,* that a secured creditor does not have to file a proof of claim in order to be paid under a Chapter 13 plan, and the holding of the Fifth Circuit in *Simmons, supra,* that a secured creditor does not have to participate in a bankruptcy proceeding in order to preserve a lien. The treatment of a creditor under a confirmed plan, whether or not that creditor's claim is allowed, or even filed, must take place unless the plan is modified through the appropriate motion and notice to all creditors. The language of § 1327(a) must be accorded its clear meaning.

For the above reasons, it is

ORDERED that the Motion to consider the plan an informal proof of claim and to allow amendment is denied. It is

FURTHER ORDERED that the Creditor Countrywide Funding Inc., shall be paid by the Chapter 13 Trustee in accordance with the terms of the confirmed plan.